569 A.2d 371

**Sonja I. CAREY, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 1989.

Decided Dec. 8, 1989.

Reargument Denied February 16, 1990.

634

Carolyn L. Carter, Chambersburg, and Donald Marritz, Gettysburg, for petitioner.

James K. Bradley, Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before DOYLE and BARRY, JJ., and NARICK, Senior Judge.

## OPINION

BARRY, Judge.

This is a petition for review of an order of the Unemployment Compensation Board of Review (Board) affirming a decision of a referee which affirmed a determination of the Office of Employment Security (OES) denying unemployment compensation benefits to Sonja Carey (Claimant) based on Section 402.5 of the Unemployment Compensation Law (Section 402.5).[1]  We reverse.

Once again we are called upon to interpret Section 402.5. *See VanMetre v. Unemployment Compensation Board of Review,* 128 Pa.Cmwlth. 644, 564 A.2d 540 (1989); *Beers v. Unemployment Compensation Board of Review,* 118 Pa. Cmwlth. 248, 546 A.2d 1260 (1988), *petition for allowance of appeal granted* 521 Pa. 623, 557 A.2d 726 (1989); *Parker v. Department of Labor and Industry,* 115 Pa.Cmwlth. 93, 540 A.2d 313 (1988), *aff'd* 521 Pa. 531, 557 A.2d 1061 (1989). Section 402.5, in pertinent part, provides:

1. Act of December 5, 1936, P.L. 2897, *as amended,* added by the Act of July 1, 1985, P.L. 96, 43 P.S. § 802.5.

(a) Notwithstanding any other provision of this act with respect to service performed in a "seasonal operation" or "seasonal industry," as defined in this section, benefits shall not be paid to a seasonal worker, based on such services, for any week of unemployment occurring outside of the normal seasonal period of operation, provided there is a contract or reasonable assurance that such seasonal worker will perform services in that seasonal industry in his next normal seasonal period.

. . . .

(h) For the purposes of this section, the following definitions shall apply:

(1) "Fruit or vegetable food processing operation" means those services performed in connection with commercial canning or commercial freezing of fruits and vegetables.

. . . .

(3) "Seasonal industry" means an industry, establishment or process within an industry which, because of climatic conditions making it impractical or impossible to do otherwise, customarily carries on fruit or vegetable food processing operations, or both, only during a regularly recurring period of one hundred eighty (180) days of work or less in a calendar year.

(4) "Seasonal operation" means an operation in which it is customary for an employer engaged in a seasonal industry as defined in paragraphs (1) and (3) of subsection (h) of this section, to operate all or a portion of its business during a regularly recurring period of one hundred eighty (180) days of work or less for a normal seasonal period during a calendar year. An employer may be determined to be engaged in a seasonal industry as defined in this section, with respect to a portion of its business, only if that portion, under the usual and customary practice in the industry, is identifiable as a functionally distinct operation.

(5) "Seasonal worker" means a worker who performs commercial canning or commercial freezing services for a

fruit or vegetable food processing operation for less than one hundred eighty (180) days of work.

The facts necessary for our review of the present case can be briefly stated. Claimant was employed in the apple processing department at the Gardners plant of Knouse Foods Cooperative, Inc. (Knouse). Claimant was separated from her employment on April 22, 1988. Thereafter, Claimant filed an application for unemployment compensation benefits which was denied by OES on the basis that Claimant was ineligible for benefits under Section 402.5. It is undisputed that, but for Section 402.5, Claimant would be entitled to receive unemployment compensation benefits. The OES determination was affirmed by a referee and the referee's decision was affirmed by the Board. This timely appeal followed.

■ Claimant presents numerous issues [2] for our review.[3] Because we believe that Knouse failed in its burden of establishing that it was entitled to seasonal status, we will limit our review to that issue.

We begin our analysis mindful of the pronouncement of our Supreme Court in *Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 625, 437 A.2d 1213, 1216 (1981):

> [T]here exists a *presumption* that an unemployed worker who registers for unemployment is eligible for benefits. 'Ordinarily it will be presumed that a claimant who registers is able and available for work. By registering, the claimant makes out a prima facie case of availability, which is of course rebuttable by countervailing evi-

---

**2.** In addition to arguing that Knouse failed in its burden of establishing its seasonal status, Claimant argues that: (1) The Board's finding that Claimant is a "seasonal worker" is unsupported by substantial evidence; (2) Knouse failed in its burden of establishing that Claimant's periods of unemployment occurred outside Knouse's normal seasonal period, and; (3) Section 402.5 is unconstitutional.

**3.** Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether the adjudication is supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

dence....' Absent such evidence demonstrating that the claimant is specifically disqualified by some explicit section of the Act, the unemployed claimant is eligible for benefits. Further, this result obtains whether the unemployment be of a permanent or temporary nature. (Citations omitted).

■ Since it is undisputed that, but for Section 402.5, claimant would be entitled to receive unemployment compensation benefits, *Penn Hills* requires Knouse to establish *each* disqualifying provision of Section 402.5 before Claimant will be disqualified from receiving unemployment compensation benefits. This includes the requirement that Knouse prove that it is a seasonal industry or operation as defined in subsections (h)(3) and (4) of Section 402.5. At Claimant's unemployment compensation hearing before the referee, Knouse established its seasonal status by relying upon OES' grant of Knouse's prior, separate application to OES for seasonal status.[4] Knouse presented no other evidence to establish its seasonal status and the referee relied exclusively upon this prior determination of seasonal status in deciding that Knouse was engaged in a seasonal industry or operation for purposes of Claimant's application for unemployment compensation benefits.

In *Parker*, this Court rejected the argument that Section 402.5 violates an employee's constitutional right to due process by denying the affected worker adequate notice of an employer's application for seasonal status and by denying an affected worker adequate notice of an OES determination granting seasonal status to an employer. In order to avoid a construction of Section 402.5 which would render it unconstitutional, we held that:

[A] determination that the operation for which the affected worker performs services is seasonal does not, by itself, affect that [employee's] right [to collect unemployment compensation benefits]. Consequently, the worker

4. Knouse's application for seasonal status at the Gardners plant was appealed to this Court at 1058 C.D.1988. A discussion of this application is included in *VanMetre*.

need not appeal from that determination or be concerned with any appeal taken by an employer from a determination to the contrary and his failure to do so will not prevent him from litigating that issue in the context of a referee's hearing on the denial of his application for benefits, should such an appeal be necessary. It follows, therefore, that concerns about lack of adequate and timely notice of seasonal determinations and employer appeals therefrom are unwarranted. Petitioners need only to be concerned about receiving timely and adequate notice of rulings made on their applications for benefits.

*Parker,* 115 Pa.Cmwlth. at 127, 540 A.2d at 330–31.

We believe that *Penn Hills* and *Parker* gave Knouse notice of its burden to prove the disqualifying conditions of Section 402.5 at Claimant's unemployment compensation hearing. Further, *Parker* made it clear that Knouse could not rely upon OES' prior determination of seasonal status in order to establish its seasonal status for purposes of Claimant's application for unemployment compensation benefits. A holding to the contrary would raise serious and substantial due process questions since such a holding would have the effect of making the prior OES determination of seasonal status (in which there is inadequate opportunity for employee participation) binding upon an affected worker at a hearing upon the worker's application for unemployment compensation benefits. Such a holding would offend basic constitutional principles.

By failing to present any evidence of its status as a seasonal industry or seasonal operation, Knouse failed in its burden of establishing the disqualifying conditions of Section 402.5. Accordingly, we reverse [5] the order of the Board and grant unemployment compensation benefits to the Claimant.

5. Because of our belief that Knouse had or should have had adequate notice of its burden of proof and that Knouse could not rely upon the prior OES determination of seasonal status at Claimant's unemployment compensation hearing, we are reversing, rather than vacating and remanding, the Board's order.

## ORDER

Now, December 8, 1989, the order of the Board affirming the decision of the referee affirming OES' determination denying Claimant unemployment compensation benefits is reversed.