564 A.2d 540

Glena VANMETRE, Petitioner,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Delores A. WETZEL, Petitioner,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Wayne E. STINE, Petitioner,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Lottie E. BITTINGER, Petitioner,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

KNOUSE FOODS COOPERATIVE, INC., Petitioner,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 13, 1989.

Decided Sept. 18, 1989.

Reargument Denied Dec. 1, 1989.

Donald Marritz, Legal Services, Gettysburg, and Carolyn L. Carter, Chambersburg, for petitioners.

Clifford F. Blaze, Deputy Chief Counsel, James Bradley, Harrisburg, for respondents.

Bruce D. Bagley, McNees, Wallace & Nurick, Harrisburg, for Knouse Foods Co-op., Inc.

Peter V. Marks, Sr., Kirschner, Walters & Willig, Philadelphia, for United Food & Commercial Workers Local Union 1357.

Basil L. Merenda, Legal Counsel, United Food & Commercial Workers, Philadelphia.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, BARRY, COLINS, McGINLEY and SMITH, JJ.

## OPINION

BARRY, Judge.

Section 402.5 of the Unemployment Compensation Law, Act of December 5, 1936, P.L. 2897, *as amended*, added by the Act of July 1, 1985, P.L. 96, 43 P.S. § 802.5., in pertinent part, provides:

> (a) Notwithstanding any other provision of this act with respect to service performed in a "seasonal operation" or "seasonal industry," as defined in this section, benefits shall not be paid to a seasonal worker, based on such services, for any week of unemployment occurring outside of the normal seasonal period of operation, provided there is a contract or reasonable assurance that such seasonal worker will perform services in that seasonal industry in his next normal seasonal period.
>
> . . . .
>
> (h) For the purposes of this section, the following definitions shall apply:
>
> (1) "Fruit or vegetable food processing operation" means those services performed in connection with commercial canning or commercial freezing of fruits and vegetables.
>
> . . . .

(3) "Seasonal industry" means an industry, establishment or process within an industry which, because of climatic conditions making it impractical or impossible to do otherwise, customarily carries on fruit or vegetable food processing operations, or both, only during a regularly recurring period of one hundred eighty (180) days of work or less in a calendar year.

(4) "Seasonal operation" means an operation in which it is customary for an employer engaged in a seasonal industry as defined in paragraphs (1) and (3) of subsection (h) of this section, to operate all or a portion of its business during a regularly recurring period of one hundred eighty (180) days of work or less for a normal seasonal period during a calendar year. An employer may be determined to be engaged in a seasonal industry as defined in this section, with respect to a portion of its business, only if that portion, under the usual and customary practice in the industry, is identifiable as a functionally distinct operation.

(5) "Seasonal worker" means a worker who performs commercial canning or commercial freezing services for a fruit or vegetable food processing operation for less than one hundred eighty (180) days of work.

In *Parker v. Department of Labor and Industry*, 115 Pa.Commonwealth Ct. 93, 540 A.2d 313 (1988), *aff'd* 521 Pa. 531, 557 A.2d 1061 (1989), this Court upheld the constitutionality of § 402.5. Subsequent thereto in *Beers v. Unemployment Compensation Board of Review*, 118 Pa.Commonwealth Ct. 248, 546 A.2d 1260 (1988), *petition for allowance of appeal granted* 521 Pa. 623, 557 A.2d 726 (1989), we affirmed the constitutionality of § 402.5 and affirmed on merit the orders of the Unemployment Compensation Board of Review (Board) granting seasonal status to certain employers engaged in fruit or vegetable food processing for a portion of calendar year 1986.

Presently before this court are eight appeals, each of which involves Knouse Foods Cooperative, Inc. (Knouse), one of the employers involved in *Beers*. The instant ap-

peals stem from the Office of Employment Security (OES) granting seasonal status to Knouse for certain of Knouse's fruit processing operations in calendar year 1987. The procedural history of each appeal follows.

### No. 1058 C.D.1988

By application dated July 22, 1987, Knouse requested seasonal status for its fresh apple processing departments at its plant located at Gardners, Pennsylvania. On August 27, 1987, OES granted Knouse's application. This determination was appealed by Glena VanMetre, an employee at Knouse's Gardners plant. On appeal, the OES determination was affirmed by both the referee [1] and the Board and the present appeal followed.

### No. 1059 C.D.1988

Knouse filed an application with OES requesting seasonal status for apple processing at its Ortanna, Pennsylvania plant. This application was filed on July 22, 1987 and was granted by OES on August 19, 1987. This determination was appealed by Delores Wetzel, a Knouse employee working at the Ortanna plant. On appeal, the OES determination was affirmed by both the referee and the Board and this appeal followed.

### No. 1060 C.D.1988

On September 8, 1987, OES granted Knouse's seasonal status request for apple processing at its Chambersburg, Pennsylvania plant. An appeal was filed by Wayne E. Stine, an employee at Knouse's Chambersburg plant. The OES determination of seasonal status was affirmed by both the referee and the Board and this appeal followed.

### No. 1061 and 1062 C.D.1988

On May 27, 1987, Knouse filed two separate applications with OES seeking seasonal status for its cherry processing operations at its Peach Glen, Pennsylvania and Biglersville, Pennsylvania plants. These seasonal status requests were granted in July of 1987. These determinations were appeal-

1. Each of the present cases was heard before Referee M. Evelyn Stehman in Gettysburg, Pennsylvania.

ed by the United Food and Commercial Workers Union Local 1357 (Union), which purportedly represents employees at both plants. Thereafter, separate hearings were held before the referee. By decision dated October 30, 1987, the referee reversed the OES determinations and Knouse appealed. On April 12, 1988, the Board reversed the referee, thereby reinstating Knouse's seasonal status at each plant. These appeals are from the Board's orders reinstating Knouse's seasonal status.

## No. 1109 C.D.1988

By application dated July 20, 1987, Knouse requested seasonal status for the portion of its Peach Glen, Pennsylvania operation involving the preparation of fresh peaches for processing into pie filling. A fact-finding conference concerning the application was held and Knouse's request was granted by OES on September 8, 1987. This determination was appealed by the Union. On appeal, the referee reversed the OES determination and the referee's decision denying seasonal status was affirmed by the Board. Thereafter, Knouse appealed the Board's order to this court.

## No. 1110 and 1900 C.D.1988

By separate applications dated July 22, 1987, Knouse sought seasonal status for the portions of its Peach Glen, Pennsylvania and Biglersville, Pennsylvania operations involving the preparation of fresh apples for further processing. A factfinding conference was held on August 11, 1987 concerning the applications. On September 8, 1987, OES granted Knouse's requests for seasonal status at both plants. This determination was appealed by the Union. Thereafter, the referee reversed OES' determination and the Board affirmed the referee's decision denying Knouse seasonal status. Knouse then appealed to this court.

## DISCUSSION

This court is vested with exclusive jurisdiction of all timely appeals from *final* orders of the Board. 42 Pa.C.S.

§ 763(a)(1).[2] As a general rule, an order is final if it "ends the litigation, or alternatively, disposes of the entire case". *Pugar v. Greco*, 483 Pa. 68, 73, 394 A.2d 542, 545 (1978). Numerous exceptions have been carved from this general rule, however, and as a result the appellate courts of Pennsylvania have struggled to apply rules governing the appealability of orders in a consistent fashion. *See, e.g., Grim v. Betz*, 372 Pa.Superior Ct. 614, 623, 539 A.2d 1365, 1369 (1988) (Beck, J., concurring) (calling for the reform of the rules relating to the appealability of orders); *National Recovery Systems v. Perlman*, 367 Pa.Superior Ct. 546, 551, 533 A.2d 152, 154 (1987) ("both the bench and bar would be better served by a return to the strict definition of a final order ..."). In two recent opinions, the Pennsylvania Supreme Court appears to have returned to a strict definition of a final order. *Wall v. Wall*, 517 Pa. 29, 534 A.2d 465 (1987); *Sweener v. First Baptist Church of Emporium*, 516 Pa. 534, 533 A.2d 998 (1987). Simply stated, these cases stand for the proposition that an order is final and appealable only if it puts an aggrieved party "out of court". *Sweener*, 516 Pa. at 539, 533 A.2d at 1000.[3] With this standard in mind, we turn our examination to the instant appeals.

In *Parker*, this court rejected the argument that § 402.5 violates an employee's constitutional right to due process by denying the affected worker adequate notice of his employer's filing of an application for seasonal determination with the OES and by denying the employee an opportunity to be heard concerning that application prior to the OES decision.

**2.** Although the parties do not question our jurisdiction to hear these appeals, we are obligated to raise jurisdictional questions *sua sponte. Pennsylvania Dental Association v. Commonwealth of Pennsylvania Insurance Department*, 512 Pa. 217, 230–31, 516 A.2d 647, 654 (1986).

**3.** We believe that strict compliance with this succinct prouncement of the rule will benefit greatly the bench, the bar and litigants by discouraging piecemeal appeals, limiting the volume of the Pennsylvania appellate courts' work load and encouraging effective appellate review. *See Grim*, 372 Pa.Superior Ct. at 626, 539 A.2d at 1371 (Beck, J., concurring), *citing* Pines, Pennsylvania Appellate Practice: Procedural Requirements and the Vagaries of Jurisdiction, 91 Dick.L.Rev. No. 1, 55, 58–59, n. 6 (1986).

*Parker,* 115 Pa.Commonwealth Ct. at 125, 540 A.2d at 330. In similar fashion, this court dismissed constitutional challenges to the appeal procedure provided for in § 402.5 concerning inadequate notice and participation in post-OES determination proceedings. In order to reject these claims of unconstitutionality and to avoid an interpretation of § 402.5 which would have been in conflict with the United States and Pennsylvania constitutions, we concluded that:

a determination that the operation for which the affected worker performs services is seasonal does not, by itself, affect [his] right [to collect benefits]. *Consequently, the worker need not appeal from that determination or be concerned with any appeal taken by an employer from a determination to the contrary and his failure to do so will not prevent him from litigating that issue in the context of a referee's hearing on the denial of his application for [unemployment compensation] benefits, should such an appeal be necessary.* It follows, therefore, that concerns about lack of adequate and timely notice of seasonal determinations and employer appeals therefrom are unwarranted. Petitioners need only to be concerned about receiving timely and adequate notice of rulings made on their applications for benefits.

*Parker,* 115 Pa.Commonwealth Ct. at 127, 540 A.2d at 330–31 (emphasis added). The *Parker* decision was affirmed *per curiam* by our Supreme Court. 521 Pa. 531, 557 A.2d 1061 (1989).

▮▮▮▮ Our holding in *Parker* leads to this court's conclusion that an OES determination of seasonal status is unappealable by or on behalf of employees of that seasonal operation. Because an employee is free to litigate the seasonal status of his employer when and if he is denied unemployment compensation benefits, the employee is in no way put "out of court" by an OES determination pursuant to § 402.5. For that reason, we are without jurisdiction to hear the five appeals (Nos. 1058, 1059, 1060, 1061 and 1062) which are currently before this court with findings of seasonal status. Accordingly, those appeals are quashed.

On the other hand, a determination of non-seasonal status is final and appealable by the employer. If the employer does not appeal, the employer is bound by that determination when an employee files for unemployment compensation. *See* 43 P.S. § 829. As above set forth, the instant matter involves three appeals (Nos. 1109, 1110 and 1900) which are before this court with findings by the Board of non-seasonal status. Although the Board's orders are final and we have jurisdiction to decide these appeals, it is our opinion that the administrative proceedings should have ended with the unappealable OES determinations of seasonal status.

Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702, permits an aggrieved person to seek judicial review of an "adjudication" of a Commonwealth agency. An adjudication is defined as "[a]ny *final* order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made". 2 Pa.C.S. § 101 (emphasis added). This definition emphasizes the need for finality before judicial review may be sought. The regulations of the Department of Labor and Industry relating to unemployment compensation proceedings, however, do not delineate a requirement of finality before a determination, decision, order or ruling may be subject to review within the administrative hierarchy. 34 Pa.Code §§ 101.81—101.112. We believe the policies which support limiting appellate judicial review to final orders are equally applicable to administrative proceedings and for that reason a requirement of finality is implicit in the Code. We hold, therefore, that before an OES determination may be appealed to a referee, it must have the effect of putting an aggrieved party out of court if the determination is not appealed timely. In each of the present appeals, OES initially found that the identified portions of the operations were seasonal. These determinations of seasonal status did not put the employees out of court. For that reason, the referee was

without authority to entertain the employees' appeals of the OES determinations.

We would reach the same result if a standing analysis were applied to the non-seasonal status appeals. Knouse, however, did not preserve the standing issue for appellate review. *McMullen v. Zoning Hearing Board of Harris Township*, 90 Pa.Commonwealth Ct. 119, 120 n. 1, 494 A.2d 502, 503 n. 1 (1985), citing *Erie Indemnity Co. v. Coal Operator's Casualty Co.*, 441 Pa. 261, 272 A.2d 465 (1971) ("the lack of standing or capacity to sue is not a jurisdictional question and, not having been raised below, is waived"). Knouse's failure to preserve the standing issue is understandable in light of our opinion in *Beers*, where this court found that the employees had standing to appeal the Board's findings of seasonal status. We reached this conclusion by finding that the workers were "aggrieved" by the seasonal determinations. *Beers*, 118 Pa.Commonwealth Ct. at 260–63, 546 A.2d at 1266–67. In that same opinion, we followed our holding in *Parker* and found that an OES determination of seasonal status is subject to attack by a worker when and if he is denied unemployment compensation benefits. *Beers*, 118 Pa.Commonwealth Ct. at 274, 546 A.2d at 1272. In retrospect, it is apparent that our discussion of standing in *Beers* was flawed. It is not logically consistent to state that an employee is aggrieved by an OES seasonal status determination and, at the same time, also permit that employee to argue his employer's non-seasonal status at a subsequent unemployment compensation hearing. An employee is not aggrieved by a finding which is not binding upon him. To the extent we found in *Beers* that an employee has standing to appeal an OES determination of seasonal status, that portion of the opinion (Part I) is overruled.

In light of the foregoing, it is clear that we were without jurisdiction to decide *Beers*, which involved appeals from orders of the Board finding seasonal status. Alternatively, we could have found that the workers lacked standing to appeal the initial OES determinations. We do not overrule

the remainder of the *Beers* opinion since this court believes its application of § 402.5 to the facts of *Beers* was correct. Because we believe *Beers* should have been quashed, however, it was improper for us to reach the merits of that appeal.

We recognize that our interpretation of § 402.5 diminishes the effect of an OES determination of seasonal status. Such a determination is of no consequence to an employee since it is open to attack when and if the employee files for unemployment compensation benefits. Concomittantly, an employer who wins seasonal status from OES may find his victory a temporary one since the seasonal classification may be lost when and if that status is challenged by an employee at an unemployment compensation hearing. On the other hand, were we to find that an OES determination of seasonal status is final and appealable as to employees, we would be confronted with serious and substantial due process questions concerning the constitutionality of the procedure provided for in § 402.5. We are duty bound to avoid an interpretation of § 402.5 which would render it constitutionally deficient. 1 Pa.C.S. § 1922(3).

## CONCLUSION

Based upon the foregoing, the appeals before this court at Nos. 1058, 1059, 1060, 1061 and 1062 C.D.1988 are quashed for lack of jurisdiction. In the appeals filed at Nos. 1109, 1110 and 1900 C.D.1988, the orders of the Board affirming the decisions of the referee reversing OES' determinations of seasonal status are vacated, the OES determinations of seasonal status are reinstated and the appeals dismissed.

## ORDER

NOW, September 18, 1989, the appeals at Nos. 1058, 1059, 1060, 1061 and 1062 C.D.1988 are quashed for lack of jurisdiction. Further, in the appeals filed at Nos. 1109, 1110

and 1900 C.D.1988, the orders of the Board affirming the decisions of the referee reversing OES' determinations of seasonal status are vacated, the OES determinations of seasonal status are reinstated and the appeals dismissed.