633 A.2d 1158

Bonnie BEERS, Appellant

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee,

Knouse Foods Cooperative, Inc., Appellee–Intervenor.

Appeal of Bonnie BEERS and Lottie Bittinger, Appellant–Intervenor.

Pearlie M. PARKER and Delores A. Wetzel, Appellants,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee,

Knouse Foods Cooperative, Inc., Appellee–Intervenor.

UNITED FOOD AND COMMERCIAL UNION, LOCAL 1357, Appellant,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee,

Knouse Foods Cooperative, Inc., Appellee–Intervenor.

Glena VANMETRE, Delores A. Wetzel, Wayne E. Stine and Lottie E. Bittinger, Appellants,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee,

Knouse Foods Cooperative, Inc., Appellee–Intervenor.

KNOUSE FOODS COOPERATIVE, INC.

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,

Lottie E. Bittinger, Kathy J. Myers and Glena Vanmetre, Appellant–Intervenors.

Appeal of Lottie E. BITTINGER, Kathy J. Myers and Glena Vanmetre.

Kathy J. MYERS, Appellant,

v.

COMMONWEALTH of Pennsylvania, UNEMPLOYMENT
COMPENSATION BOARD OF REVIEW, Appellee,

Knouse Foods Cooperative, Inc., Appellee–Intervenor.

Supreme Court of Pennsylvania.

Argued May 7, 1992.

Decided Nov. 12, 1993.

Donald Marritz, Gettysburg and Carolyn L. Carter, Chambersburg, for Bittinger.

Basil Merenda, Philadelphia, for Beers.

Donald Marritz, Gettysburg, Carolyn L. Carter, Chambersburg and Basil L. Merenda, Philadelphia, for appellants.

Clifford A. Blaze, Deputy Chief Counsel, James K. Bradley and Maribeth Wilt–Seibert, Asst. Counsel, Unemployment Compensation Bd. of Review, for appellees.

Bruce Bagley and H. Lee Roussel, Harrisburg, for intervenors.

Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY [1], Justice.

The question presented is one of first impression: whether employees have standing to appeal a determination by the Office of Employment Security ("OES") that certain fruit and vegetable processing operations are "seasonal operations" as defined by and pursuant to Section 802.5 of the Unemployment Compensation Law. 43 P.S. § 802.5. For the reasons that follow, we find that employees do not have standing to appeal a determination by the OES that certain fruit and vegetable processing operations are seasonal operations.

These thirteen consolidated appeals involve certain fruit and vegetable processing operations performed at plants located in Pennsylvania. The employers at each of these plants applied to the OES requesting a determination that these operations were seasonal operations for the purposes of Section 802.5.[2] In each instance, the OES granted seasonal status to the employer pursuant to a Notice of Determination. Each of these Notices was appealed by an employee or an employee representative to a referee; the referee decisions were appealed to the Unemployment Compensation Board of Review (the "Board"); and the Board decisions were appealed to the Commonwealth Court.

Four of the appeals (Nos. 367, 404, 1754 and 1764 C.D.1987) were consolidated for argument in the Commonwealth Court

1. This opinion was reassigned to this writer.

· 2. Section 802.5 provides, in relevant part, as follows:

(a) Notwithstanding any other provision of this act with respect to service performed in a "seasonal operation" or "seasonal industry," as defined in this section, benefits shall not be paid to a seasonal worker, based on such services, for any week of unemployment occurring outside of the normal seasonal period of operation, provided there is a contract or reasonable assurance that such seasonal worker will perform services in that seasonal industry in his next normal seasonal period.

43 P.S. § 802.5(a). "Seasonal operation" is defined as "an operation in which it is customary for an employer engaged in a seasonal industry ... to operate all or a portion of its business during a ·regularly recurring period of one hundred eighty (180) days of work or less for a normal seasonal period during a calendar year." 43 P.S. § 802.5(h)(4).

at *Beers v. Pennsylvania Unemployment Compensation Board of Review,* 118 Pa.Commw. 248, 546 A.2d 1260 (1988). In that case, the Commonwealth Court affirmed the decisions of the Board granting seasonal status to each employer.[3]

Eight of the appeals (Nos. 1058–1062, 1109, 1110 and 1900 C.D.1988) were consolidated for argument in the Commonwealth Court at *VanMetre v. Pennsylvania Unemployment Compensation Board of Review,* 128 Pa.Commw. 644, 564 A.2d 540 (1989). The Board had granted seasonal status in five of those appeals (Nos. 1058–1062 C.D.1988) and denied it in the remaining three appeals (Nos. 1109, 1110 and 1900 C.D.1988). The court quashed, for lack of jurisdiction, the five appeals in which the Board had granted seasonal status. In the remaining three appeals, the court vacated the orders of the Board denying seasonal status, reinstated the OES determinations granting seasonal status and dismissed the appeals.[4]

In the remaining appeal (No. 1504 C.D.1989), *Myers v. Unemployment Compensation Board of Review,* the Board had granted seasonal status. The Commonwealth Court summarily dismissed the Petition for Review.

Following appeal to the Commonwealth Court, appellants requested allowance of appeal before this Court, which we granted. *Beers* was granted and argued first. Thereafter, upon request, for reargument which we granted, *Beers* was consolidated with *VanMetre* and *Myers* and we scheduled oral argument on all three consolidated cases. Not all of the

3. The Commonwealth Court in *Beers* mistakenly stated that two of the four appeals therein were from an order of the Board reversing a decision of the referee to deny seasonal status. In fact, only one of those appeals was from an order of the Board reversing a decision of the referee to deny seasonal status. The other three appeals were from an order of the Board affirming a decision of the referee to grant seasonal status. *Beers,* 118 Pa.Commw. at 253–54, 546 A.2d at 1263.

4. The Commonwealth Court's holding in *VanMetre* overruled that portion of the *Beers* opinion which held that employees have standing to appeal an OES determination granting seasonal status. The Commonwealth Court did not overrule the remainder of the *Beers* opinion because it believed its application of Section 802.5 to the facts of *Beers* was correct. It did state, however, that because it believed *Beers* should have been quashed, it was improper for the court to have reached the merits of that appeal.

parties to the appeals *sub judice* raised the standing issue.[5] We found that issue pertinent to all of the appeals, thus, prior to oral argument, we ordered all of the parties to brief the issue.

The following three arguments were made in the instant appeals to support the employees' assertion that they have standing to appeal an unfavorable OES determination of seasonal status: (1) the employees were aggrieved by the determination and thus were aggrieved parties who had standing pursuant to the common law, (2) Section 802.5(e) of the Unemployment Compensation Law confers standing on employees and (3) without standing employees would have no opportunity to challenge an unfavorable OES determination of seasonality because Section 829 of the Unemployment Compensation Law would prevent the employees from collaterally attacking an OES seasonal status determination in his or her later unemployment compensation benefit hearing. Not every employee made all three of these arguments; however, in order to dispose of these appeals in the most expeditious and efficacious manner, we have chosen to address each of these arguments in all of the appeals.

First, we turn to the question of whether the employees were aggrieved parties.[6] It is well established that in

5. Several of the parties correctly point out that issues not raised below are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302. However, this Court, pursuant to Rule 105(a) of the Pennsylvania Rules of Appellate Procedure may "in the interest of expediting decision, or for other good cause shown ... disregard the requirements or provisions of any of [the rules of appellate procedure] in a particular case ... on its own motion and may order proceedings in accordance with its direction." Pa.R.A.P. 105(a).

6. Some of the parties to the appeals *sub judice* confuse the issue of standing with that of jurisdiction and argue that, since employees are not "aggrieved" by an OES determination of seasonal status, they do not have the right to appeal such determination to the Commonwealth Court and that, as such, the Commonwealth Court lacks jurisdiction to hear such a case. *See* 2 Pa.C.S. § 702 and 42 Pa.C.S. § 763. Whether a party has standing to maintain an action is not a jurisdictional question. *Jones Memorial Baptist Church v. Brackeen,* 416 Pa. 599, 207 A.2d 861 (1965). We wish to make clear that we decide herein that employees do not have standing to appeal an OES determination of

order to have standing to challenge an official order or action, a party must be "aggrieved" thereby. *South Whitehall Township Police Service v. South Whitehall Township*, 521 Pa. 82, 555 A.2d 793 (1989); *Upper Bucks County Vocational–Technical School Education Association v. Upper Bucks County Vocational–Technical School Joint Committee*, 504 Pa. 418, 474 A.2d 1120 (1984); *Franklin Township and County of Fayette v. Pennsylvania, Department of Environmental Resources*, 500 Pa. 1, 452 A.2d 718 (1982); *Wm. Penn Parking Garage v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975) (plurality opinion). A party "who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby." *Wm. Penn*, 464 Pa. at 192, 346 A.2d at 280.

■ In order to be "aggrieved" "a party must (a) have a substantial interest in the subject-matter of the litigation; (b) the interest must be direct; and (c) the interest must be immediate and not a remote consequence." *South Whitehall*, 521 Pa. at 86, 555 A.2d at 795. The interest which the employees are seeking to protect in these appeals is their right to collect unemployment compensation benefits.

■ In *Parker v. Pennsylvania, Department of Labor and Industry*, 115 Pa.Commw. 93, 540 A.2d 313 (1988), *aff'd per curiam*, 521 Pa. 531, 557 A.2d 1061 (1989), *reh'g denied*, the Commonwealth Court held that an OES determination of seasonal status is not an adjudication of an employee's right to collect unemployment compensation benefits.[7] A finding of seasonal status is only one of the issues relevant to an employee's ineligibility under Section 802.5 to collect unem-

seasonal status; we do not decide whether the Commonwealth Court had jurisdiction to hear the instant appeals.

7. An "adjudication" is defined as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the *parties* to the proceeding in which the adjudication is made." 2 Pa.C.S. § 101 (emphasis added). There is no provision in Section 802.5 for participation by employees in the OES decision as to seasonal status. Thus, employees are not parties to the OES proceeding and, as such, an OES determination of seasonal status is not a final determination of the employees' right to collect unemployment compensation benefits.

ployment compensation benefits. If an employee is later denied unemployment compensation benefits and decides to appeal that decision, he or she will have the opportunity at his or her unemployment compensation benefit hearing to litigate the issues relevant to the denial of his or her claim including the issue of whether the operation for which the employee works is, in fact, a seasonal operation. As such, employees are not adversely affected by and do not have a substantial, direct and immediate interest in an OES determination of seasonal status. Thus, they are not "aggrieved" by such determination and lack standing to challenge it.

■ The second argument raised, that 43 P.S. § 802.5(e) confers standing to appeal an OES seasonal status determination on employees, is without merit. Section 802.5(e) provides as follows: "Any determination issued under the provisions of this section shall be subject to review in the same manner and to the same extent as all other determinations issued under this act." Section 802.5(e) does not confer standing on any party, rather, Section 802.5(e) provides that a party who *has* standing may seek review of an unfavorable OES seasonal status determination in the same fashion as all other determinations issued under the Unemployment Compensation Law. Thus, Section 802.5(e) does not confer standing on employees to appeal an unfavorable OES seasonal status determination.

The last argument advanced, that 43 P.S. § 829 would prevent an employee from collaterally attacking an OES seasonal status determination in his or her later unemployment compensation benefit hearing, is likewise without merit. Section 829 provides, in pertinent part, as follows:

Subject to appeal proceedings and judicial review, any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the board or the Court and which has become final shall be conclusive for all purposes of this act and shall not be subject to collateral attack as among all affected *parties* who had notice of such decision ...

43 P.S. § 829 (emphasis added). It is clear from the plain words of the statute that Section 829 only applies to parties to a proceeding. There is no provision in Section 802.5 for participation by employees in the OES decision as to seasonal status. Seasonal status is determined by the OES solely upon written application by an employer. 43 P.S. § 802.5(b).[8] Since employees are not parties to the OES determination of seasonality, they are not subject to Section 829. Therefore, they are free to attack a holding of seasonal status in a collateral proceeding, namely, their unemployment compensation benefit hearing.

For all of the foregoing reasons, we conclude that employees do not have standing to appeal an unfavorable OES determination of seasonality.[9]

Accordingly, we affirm the decision of the Commonwealth Court in *VanMetre* vacating the orders of the Board, reinstating the OES decision and dismissing the appeals in the following appeals: 121 M.D. Appeal Docket 1990 (Nos. 1109, 1110 and 1900 C.D.1988).

Further, we affirm the decision of the Commonwealth Court in *Myers* summarily dismissing the Petition for Review and reinstate the OES decision in the following appeal: 138 M.D.Appeal Docket 1990 (No. 1504 C.D.1989).

**8.** Section 802.5(b) provides, in pertinent part, as follows:

Upon written application filed with the department by an employer engaged in a "seasonal industry," as defined in this section, the secretary shall determine ... the normal seasonal period during which workers are ordinarily employed for the purpose of carrying on seasonal operations in the seasonal industry in which such employer is engaged.

**9.** We are cognizant that this decision may result in inconsistent decisions with respect to the seasonal status of any given fruit and vegetable processing operation if one employee successfully challenges an OES determination of seasonal status at his or her unemployment compensation hearing and another employee is not so successful. However, we are constrained to apply the law as promulgated by the legislature and must leave to them the task of remedying this problem by amending the statute so as to grant standing to employees to participate in and appeal an OES determination of seasonal status granted pursuant to Section 802.5 if they see fit.

Further, we reverse the decision of the Commonwealth Court in *Beers* affirming the decisions of the Board granting seasonal status and reinstate the OES decision in the following appeals: 23 M.D.Appeal Docket 1989 (No. 367 C.D.1987), 24 M.D.Appeal Docket 1989 (No. 404 C.D.1987), 25 M.D.Appeal Docket 1989 (No. 1764 C.D.1987) and 26 M.D.Appeal Docket 1989 (No. 1754 C.D.1987).

Further, we vacate the decision of the Commonwealth Court in *VanMetre* quashing for lack of jurisdiction the appeals in which the Board granted seasonal status and reinstate the OES decision in the following appeals: 117 M.D.Appeal Docket 1990 (Nos. 1058 and 1061 C.D.1988), 118 M.D.Appeal Docket 1990 (No. 1059 C.D.1988), 119 M.D.Appeal Docket 1990 (No. 1060 C.D.1988) and 120 M.D.Appeal Docket 1990 (No. 1062 C.D.1988).

The parties in the instant appeals raised numerous other issues for our review, however, our resolution of the standing issue precludes our addressing those issues.

LARSEN, J., did not participate in the consideration or decision of this case.

McDERMOTT, J., did not participate in the decision of this case.

PAPADAKOS, J., files a dissenting opinion.

PAPADAKOS, Justice, dissenting.

I dissent from the majority's approach to the problem at hand as a great waste of judicial time and resources. I take it that the majority has determined that employees lack standing to challenge OES determinations of seasonal status because they are not "aggrieved" under *Wm. Penn Parking Garage v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975) (plurality opinion). They are not "aggrieved" because they can later challenge seasonal status of the employer in individual unemployment compensation hearings. This is circular reasoning, at best. This Court could grant standing and apply res judicata to later unemployment compensation hearings on the

seasonal status issue if we so chose. Standing and res judicata effect are directly related. So are lack of standing and no res judicata effect. We must pick which pair of related doctrines to adopt. It seems to me that a great deal of time and litigation would be saved in this case and generally if employees were granted standing to litigate the issue early on and if they did, they would later be bound thereby in the unemployment compensation hearings under the doctrine of res judicata. This would preserve the instant appeals, prevent piecemeal adjudication of the issue and reduce the possibility of conflicting results later on.

The employees' standing here is analogous to the standing plaintiffs enjoy in bringing a declaratory judgment action. *See, Valley Forge Historical Society v. Washington Memorial Chapel,* 493 Pa. 491, 426 A.2d 1123 (1981); Pa.R.C.P. 1601, *et seq.* They are not yet injured, but a direct injury is foreseeable if a judicial declaration of rights is not granted. Employees would be free, of course, to bring a class action if they so desired that would later be binding in *all* subsequent unemployment compensation hearings of a particular employer with respect to the seasonal status issue. But the instant employees should at least be free to litigate the seasonal status issue as they did here, thus binding themselves to the result reached later on (and binding the employer in any event if it loses). Standing is an issue to be faced by this Court, not left to the legislature. The instant appeals encompass a large number of hearings, trials and proceedings. I would not render them all moot, but attempt to save time and judicial resources by deciding the substantive issues at hand. The parties deserve nothing less than a decision on the merits, as do employees in later cases of a similar nature.