**WILKINSBURG EDUCATION ASSOCIATION, Pennsylvania State Education Association/National Education Association, Petitioners,**

v.

**SCHOOL DISTRICT OF WILKINSBURG, Eugene W. Hickock, Secretary of Education and the Pennsylvania Department of Education, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1995.

Decided March 19, 1996.

Publication Ordered Feb. 20, 1997.

Amy L. Putnam, Harrisburg, for petitioners.

James M. Sheehan, Chief Counsel, Harrisburg, for respondents.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

## OPINION

KELLEY, Judge.

Three matters are before this court for our review. The first matter is a motion filed by the Secretary of Education (Secretary), Eugene W. Hickok, and the Pennsylvania Department of Education (collectively, respondents) to quash Count I of a petition for review (petition) filed by Wilkinsburg Education Association, Pennsylvania State Education Association/National Education Association (collectively, Association).[1] Count I of the petition is directed to this court's appellate jurisdiction and seeks review of the following: (1) a decision by the Secretary, dated

---

1. The School District of Wilkinsburg has joined in respondents' motion to quash Count I of the petition.

July 5, 1995, which approved alteration of the educational program at Turner Elementary School as requested by the School District of Wilkinsburg (School District); and (2) a letter by the Department of Education (Department), dated July 5, 1995, which denied the Association's request to intervene and participate in the process whereby the Secretary evaluated the School District's request to alter its educational program.[2]

The second matter before this court is preliminary objections filed by respondents to Count II of the petition.[3] Count II of the petition is directed to this court's original jurisdiction[4] and seeks to enjoin the July 5, 1995 decision by the Secretary, which approved alteration of the educational program at Turner Elementary School, and to enjoin the School District from acting upon the Secretary's decision. The final matter before this court is respondents' motion to strike the reply brief filed by the Association with this court on October 20, 1995.

## I. FACTS AND PROCEDURAL HISTORY

The School District has sought to enter into a contract with Alternative Public Schools, Inc. (APS), a Tennessee corporation, delegating to APS for the 1995–96 school year, and four school years thereafter, the operation of Turner Elementary School. On March 30, 1995, the Court of Common Pleas

of Allegheny County (trial court) entered an order preliminarily enjoining the School District from entering into a contract with APS or any other private corporation to provide teaching services to the School District. The School District appealed the chancellor's order to this court. By order dated July 17, 1995, this court affirmed the chancellor's order granting the Association's petition for preliminary injunction.[5]

On May 25, 1995, the Association sent a letter to the Secretary in which it stated that it had received information that the School District might request approval of the contract with APS as a "curtailment or alteration of the educational program" pursuant to section 1124 of the Public School Code of 1949 (Public School Code).[6] In its letter, the Association asked that it be notified if such a request was made by the School District. It further stated that, if such a request was made, it would like to intervene formally in the matter and would request that administrative hearings be held prior to any adjudication on the School District's request.

On June 30, 1995, the School District requested approval from the Department, in accordance with section 1124(2) of the Public School Code, for alteration of the School District's elementary program at Turner Elementary School. The School District represented to the Department that the alterations, described in detail in its application, would effect a change in the School District's

---

2. We note that in its July 5, 1995 letter, the Department also: (1) informed the Association that the Secretary had approved the School District's request based upon its educational merits; (2) disagreed with the Association's suggestion that the Secretary's July 5, 1995 decision was an "adjudication" under Administrative Agency Law; and (3) disagreed with the Association's argument that the School District's request was not authorized by law.

3. The School District has joined in the preliminary objections filed by respondents.

4. Count II of the petition has been filed in this court's original jurisdiction pursuant to section 761 of the Judicial Code, 42 Pa.C.S. § 761, and is in the nature of a complaint in equity.

5. We note that our Supreme Court reversed this court's decision dated July 17, 1995, vacated the preliminary injunction and remanded the case to the trial court for evidentiary hearings. *School*

*District of Wilkinsburg v. Wilkinsburg Education Association*, 542 Pa. 335, 667 A.2d 5 (1995).

6. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101 to 27–2702.

Section 1124 of the Public School Code states in pertinent part as follows:

Any board of school directors may suspend the necessary number of professional employes, for any of the causes hereinafter enumerated:

* * * *

(2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction.

24 P.S. § 11–1124.

elementary program which would result in a more efficient and effective educational program. In its request, the School District stated that, since APS would hire its own teachers to implement the new educational program, several professional employees currently employed by the School District would be furloughed.

On July 5, 1995, the Secretary, himself, approved the School District's request to alter its elementary program at Turner Elementary School. The Secretary stated that his approval was restricted solely to the alteration of the School District's educational program. Any furloughing of professional staff which might occur as a result of the alteration should be accomplished in accordance with the provisions of section 1125.1 of the Public School Code.[7] The Secretary further stated that his approval was conditioned upon his understanding that, in altering its educational program, the School District did not violate any court order or federal law.

On July 5, 1995, the Department notified the Association that it had received the Association's letter of May 25, 1995. The Department disagreed with the Association's suggestion that the Secretary's approval of the School District's request for alteration of educational program was an "adjudication" under Administrative Agency Law.[8] To the contrary, the Department stated that the Secretary's approval was not a decision or determination "affecting personal or property rights, privileges [or] immunities" of the professional employees of the School District. As such, the professional employees of the School District did not have an interest entitling them to intervene in the matter. Accordingly, the Department denied the Association's letter application to intervene in the School District's request for approval of alteration of educational program under sec-

tion 1124(2) of the Public School Code. The Department also stated that it believed that it was appropriate for the Secretary to act upon the School District's request based upon its educational merit.

On July 7, 1995, the Association filed with this court its two count petition against the Secretary, the Department and the School District. Count I of the petition, addressed to this court's appellate jurisdiction, seeks review of the Secretary's decision dated July 5, 1995 and the Department's determination of the same date. The Association requests that this court: (1) remand this matter to the Department; and (2) direct the Department to grant the Association's request to intervene, appoint an independent hearing examiner, schedule an evidentiary hearing and restrain the School District from taking any action to implement the furloughs of teachers pending the outcome of the hearing.

Count II of the petition, addressed to this court's original jurisdiction, seeks to enjoin the Secretary's decision dated July 5, 1995. The Association requests that this court: (1) issue a declaratory judgment that the Secretary's decision violates the Public School Code; (2) issue a declaratory judgment that the Secretary's approval of the School District's request to alter its educational program, without notice to the Association, violates the United States Constitution and the Pennsylvania Constitution by depriving Association members of substantive property rights without due process; (3) issue a preliminary and permanent injunction enjoining the School District from taking any action to furlough professional employees; and (4) enter such other relief as this court deems proper.

On July 21, 1995, respondents filed with this court a motion to quash Count I of the

---

7. 24 P.S. § 11–1125.1, *added by* section 3 of the Act of November 20, 1979, P.L. 465, *as amended.* Section 1125.1 of the Public School Code provides that professional employees "shall be suspended under section 1124 (relating to causes for suspension) in inverse order of seniority within the school entity of current employment." 24 P.S. § 11–1125.1(a). Moreover, a "school entity shall realign its professional staff so as to insure that more senior employes are provided with the opportunity to fill positions for which they are

certificated and which are being filled by less senior employes." 24 P.S. § 11–1125.1(c).

8. Pursuant to 2 Pa.C.S. § 101, an adjudication is defined as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made."

**1256**

petition. Respondents assert that Count I should be quashed because the Association lacks standing to appeal the July 5, 1995 determinations by the Secretary and the Department. Respondents state that the Association does not have a direct, substantial and immediate interest in the subject matter of those determinations and, as such, was not aggrieved by them. Respondents further assert that Count I of the petition should be quashed because this court lacks jurisdiction to entertain the appeal. They state that there has been no agency adjudication in the present matter and that the Association does not have a "direct interest" in and has not been "aggrieved by" any decision made by the Secretary or the Department.

On July 21, 1995, respondents also filed with this court preliminary objections to Count II of the petition. Respondents have raised the following objections: (1) the Association lacks standing to challenge the Secretary's decision of July 5, 1995; (2) the petition fails to state facts which would constitute a cause of action against the Secretary or the Department; (3) the Association can exercise adequate statutory and legal remedies and has not yet done so; and (4) the petition does not conform with applicable rules of appellate and civil procedure. Respondents have asked this court to dismiss Count II of the petition on the basis of their preliminary objections.

## II. MOTION TO QUASH COUNT I OF THE PETITION FOR REVIEW

It is well established that in order to have standing to challenge an official order or action, a party must be aggrieved thereby. *Beers v. Unemployment Compensation Board of Review*, 534 Pa. 605, 633 A.2d 1158 (1993). In order to be "aggrieved," a party must have a substantial interest in the subject matter of the litigation, the interest must be direct, and the interest must be immediate and not a remote consequence. *Id.* at 611, 633 A.2d at 1161.

In the present case, this court believes that the Association does not have a substantial, direct and immediate interest in the July 5, 1995 determinations by the Secretary and the Department. In his authori-

zation, the Secretary approved the School District's request to alter its elementary program at Turner Elementary School. The Secretary's authorization was limited to approval of such an alteration. The Secretary stated that any furloughing of professional staff which might occur as a result of the alteration should be accomplished in accordance with section 1125.1 of the Public School Code, 24 P.S. § 11–1125.1. Moreover, the Secretary emphasized that his approval was conditioned upon his understanding that in altering its program, the School District did not violate any court order or federal law.

The authorization by the Secretary, which was solely addressed to the School District, vested the School District with discretion to proceed or not to proceed with the alteration of the educational program at Turner Elementary School. This court emphasizes that the Secretary's determination did *not* authorize the furloughing of professional employees by the School District. The Secretary merely stated that any furloughing which might occur as the result of an alteration in educational program should be accomplished in accordance with section 1125.1 of the Public School Code. We further note that the furloughing of teachers would be the direct result of actions taken by the School District, *not* the Secretary. Given the limited scope of the Secretary's July 5, 1995 authorization, this court concludes that the Association is not "aggrieved" by the Secretary's determination.

Similarly, the Association is not "aggrieved" by the Department's determination dated July 5, 1995 which denied the Association's request to intervene in the process whereby the Secretary evaluated the School District's request to alter its educational program at Turner Elementary School. The Association had no rights with respect to the School District's request. In particular, the Association did not have the right to intervene in the Secretary's consideration of that request.

Section 35.28 of the General Rules of Administrative Practice and Procedure (General Rules) governs eligibility to intervene in an

action and states, in pertinent part, as follows:

(a) Persons. A petition to intervene may be filed by a person claiming a right to intervene or an interest of such nature that intervention is necessary or appropriate to the administration of the statute under which the proceeding is brought. The right or interest may be one of the following:

(1) A right conferred by statute of the United States or of this Commonwealth.

(2) An interest which may be directly affected and which is not adequately represented by existing parties, and as to which petitioners may be bound by the action of the agency in the proceeding....

(3) Other interest of such nature that participation of the petitioner may be in the public interest.

1 Pa.Code § 35.28(a).

■ This court has stated that the grant or denial of a petition to intervene is within the sound discretion of the agency involved. *Pennsylvania Dental Association v. Insurance Department*, 122 Pa.Cmwlth. 241, 551 A.2d 1148 (1988). Moreover, our Supreme Court has stated that it will not disturb a determination on intervention unless there has been a manifest abuse of discretion. *Wilson v. State Farm Mutual Automobile Insurance Company*, 512 Pa. 486, 517 A.2d 944 (1986).

Clearly, no statute confers on the Association the right to intervene in the Secretary's consideration of the School District's request to alter its educational program at Turner Elementary School. In addition, the Association is not directly affected by the Secretary's consideration of the School District's request and is not bound by the Secretary's response to that request. Such a request was solely between the School District and the Secretary, who had the authority to grant or deny it. Moreover, as has been noted, the Secretary's determination was limited to giving the School District the

discretion to proceed with the alteration of its educational program and clearly did not authorize the furloughing of professional employees. Given the precise scope of the Secretary's decision, intervention by the Association is also not necessary to serve the public interest. The general public is not going to be adversely affected by the Secretary's decision to give the School District the discretion to proceed with an alteration in its educational program at Turner Elementary School.

We further point out that the Secretary's approval of the School District's request to alter its educational program does not change the employment status of the Association's members. Rather, any change in the employment status of the Association's members would be the result of subsequent actions taken by the School District.

We conclude that, because the Association is not aggrieved by the July 5, 1995 determinations by the Secretary and the Department, it lacks standing to challenge those determinations. Accordingly, respondents' motion to quash Count I of the Petition is granted.[9]

## III. PRELIMINARY OBJECTIONS TO COUNT II OF THE PETITION FOR REVIEW

■ Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. *Bower v. Bower*, 531 Pa. 54, 611 A.2d 181 (1992). The test is whether it is clear from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief. *Firing v. Kephart*, 466 Pa. 560, 563, 353 A.2d 833, 835 (1976).

Respondents have raised a preliminary objection to the petition on the basis of the Association's lack of standing to challenge the Secretary's July 5, 1995 determination. As we have already discussed, the Association does not have a substantial, direct and immediate interest in the July 5, 1995 deci-

---

9. In light of the fact that we have concluded that Count I of the petition should be quashed because the Association lacks standing to appeal the July 5, 1995 determinations by the Secretary and the Department, we will not address the issue of whether this court lacks jurisdiction to entertain the Association's appeal.

sion by the Secretary approving alteration of the educational program at Turner Elementary School. Therefore, the Association is not "aggrieved" by that decision and lacks standing to challenge it.

Accordingly, respondents' preliminary objection to Count II of the petition on the basis of the Association's lack of standing is granted and Count II of the petition is dismissed.[10]

## IV. MOTION TO STRIKE REPLY BRIEF

Pursuant to this court's order dated September 1, 1995, arguments on the merits of this case would be heard after disposition of the preliminary matters. Respondents were directed to file and serve their brief on the merits of this case on October 6, 1995.[11] The Association then filed a reply brief on October 20, 1995. On October 30, 1995, respondents filed a motion to strike the Association's reply brief on the grounds that it violated Pennsylvania Rules of Appellate Procedure 2113(a) and 2135(2).[12] On November 16, 1995, the Association filed a response in opposition to respondents' motion to strike and an application for permission to refile.

Given the fact that this court will not reach the merits of this case because we have quashed Count I of the petition and dismissed Count II of the petition, respondents' motion to strike the Association's reply brief is dismissed.

### ORDER

NOW, this 19th day of March, 1996, it is hereby ordered:

10. In light of the fact that we have concluded that Count II of the petition should be dismissed because the Association lacks standing to challenge the July 5, 1995 determination by the Secretary, we will not address respondents' other preliminary objections to Count II of the petition.

11. The Association's brief on the merits of this case was filed on August 22, 1995. The Pennsylvania Federation of Teachers and the Philadelphia Federation of Teachers filed a brief of amici curiae with respect to the merits of this case on August 24, 1995.

12. Pa.R.A.P. 2113(a) provides, in pertinent part, as follows:

1. The motion of respondents Secretary of Education and Department of Education to quash petition for review is granted and Count I of the petition for review is dismissed with prejudice.

2. The preliminary objection of respondent Eugene W. Hickok, Secretary of Education, and the Pennsylvania Department of Education in the nature of a petition raising the defense of lack of standing is granted and Count II of the petition for review is dismissed with prejudice.

3. The motion of respondents Secretary of Education and Department of Education to strike petitioner's reply brief is dismissed.

DOYLE, SMITH and FRIEDMAN, JJ., dissent.

(a) **General rule.** In accordance with Rule 2185(a), the appellant may file a brief in reply to matters raised by appellee's brief not previously raised in appellant's brief . . .

Pa.R.A.P. 2135 provides, in pertinent part, as follows:

Except by permission of the court, briefs (exclusive of pages containing the table of contents, tables of citations and any addendum containing opinions, etc., or any other similar supplementary matter provided for by these rules) shall not exceed:

\* \* \* \*

(2) 15 pages of conventional typographical printing or 25 pages of reproduction by any other process of duplicating or copying, in the case of reply briefs.