IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vesna Kepiro,                          :
                    Petitioner        :
                                       :
        v.                             :   No. 557 C.D. 2023
                                       :   Submitted: October 8, 2024
Unemployment Compensation              :
Board of Review,                       :
                    Respondent        :

BEFORE:   HONORABLE ELLEN CEISLER, Judge
          HONORABLE MATTHEW S. WOLF, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                    FILED:  December 13, 2024

        Vesna Kepiro (Claimant), *pro se*, petitions for review of an adjudication
of the Unemployment Compensation Board of Review (Board) holding that she did
not owe any penalty as a result of her receipt of a nonfraud overpayment of federal
Pandemic Unemployment Assistance (PUA) benefits.[1]  The Board has filed an
application for summary relief, seeking dismissal of the appeal because Claimant is
not aggrieved and, thus, lacks standing.  We agree and dismiss the appeal.

        Claimant applied for and received PUA benefits.  Subsequently, on June
14, 2021, the Unemployment Compensation (UC) Service Center notified Claimant
that she had received an overpayment of PUA benefits in the amount of $8,583.00.

---

[1] PUA "provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to
work and available for work within the meaning of applicable state law, except that they are
unemployed, partially unemployed, or unable or unavailable to work due to COVID-19-related
reasons[.]"    PENNSYLVANIA'S  PANDEMIC  UNEMPLOYMENT  ASSISTANCE  PORTAL,
https://pua.benefits.uc.pa.gov/vosnet/Default.aspx (last visited December 13, 2024).

The Service Center further informed Claimant that her overpayment was fraudulent and must be repaid along with a 15% penalty.[2]  Claimant appealed.

At the hearing before the Referee, Claimant testified that she was furloughed on April 19, 2020, and filed for UC benefits.  However, she did not receive "any payments at all for like April, May, June, July."  Hearing Transcript, 12/3/2021, at 7 (H.T. __); Certified Record at 59 (C.R. __).  Each time she filed for UC benefits, she received notification that her "request [was] processed, but [she] never received any money."  H.T. 7; C.R. 59.  She contacted her State Senator's Office and was advised to "stop filing for [r]egular [u]nemployment [compensation]. This is pandemic; file for [PUA]."  H.T. 7; C.R. 59.  Claimant did so and began receiving PUA benefits.  In January of 2021, Claimant was switched to state unemployment benefits.  Claimant testified that she returned to her job in August of 2021.

Following the hearing, the Referee made the following findings of fact:

1. The claimant filed an application for [PUA] on March 1, 2020.

2. The claimant was monetarily eligible for a regular UC claim in the state of Pennsylvania.

3. While waiting for regular UC benefits, the claimant was allegedly told by a State Representative's office to file a PUA claim.

4. For purposes of this appeal, the claimant filed for and received $8,583.00 in PUA benefits on this claim during the weeks of April 25, 2020, through and including January 23, 2021.

---

[2] Under Section 251(a)(11)(A) of the Trade Adjustment Assistance Extension Act of 2011 (Trade Act), 42 U.S.C. §503(a)(11)(A), "[a]t the time the State agency determines an erroneous payment from its unemployment fund was made to an individual due to fraud committed by such individual, the assessment of a penalty on the individual in an amount of not less than 15 percent of the amount of the erroneous payment[.]"  Available at: https://www.govinfo.gov/content/pkg/COMPS-9622/pdf/COMPS-9622.pdf#:~:text=Sec.%202%20Trade%20Adjustment%20Assistance%20 Extension%20Act%20of (last visited December 13, 2024).

2

. . . .

7. The claimant did not intentionally provide false or misleading information to obtain this compensation.

Referee Decision at 2. Based upon the findings, the Referee concluded that the overpayment of PUA benefits had not been the result of fraud, explaining as follows:

Here, the claimant filed for and received a total of $8,583.00 in PUA benefits, . . . for the weeks at issue in this matter. Although the claimant was not entitled to these benefits, the hearing record is void of any competent firsthand testimony or evidence that establish that the claimant intentionally acted in a fraudulent manner to receive said benefits. The claimant only filed for PUA benefits because she had filed for regular benefits and had not received any payments over several months. As such, the Referee deems the overpayments in the matter to be non-fraud in nature.

The repayment of the non-fraud overpayment of PUA benefits cannot be waived unless it is reversed on appeal.

Referee Decision at 4.

Claimant appealed the Referee's decision to the Board. Claimant argued that she applied for PUA after unsuccessfully filing for regular UC benefits from April 2020 through July 2020. She stated that the repayment of PUA benefits would be a "big burden" on her and her family. Claimant Appeal at 2; C.R. 78.

By adjudication of December 14, 2022, the Board determined that Claimant was not subject to a penalty. Board Adjudication, 12/14/2022, at 2. It explained that the UC Service Center's assessment of a $8,583.00 fraud overpayment of PUA included a 15% penalty. However, the Referee did not address

3

the penalty. Because the PUA system showed that a penalty had been issued based on Claimant's overpayment, the Board exercised its authority to address the penalty.[3]

The Board explained that Section 251(b) of the Trade Act requires that any claimant assessed a fraud overpayment of a federal unemployment must also be assessed a penalty equal to 15% of the overpayment.[4] Because the Board had already

---

[3] Section 504 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §824, states, in pertinent part, as follows:

> The board shall have power, on its own motion, or on appeal, to remove, transfer, or review any claim pending before, or decided by, a referee, and in any such case and in cases where a further appeal is allowed by the board from the decision of a referee, may affirm, modify, or reverse the determination or revised determination, as the case may be, of the department or referee on the basis of the evidence previously submitted in the case, or direct the taking of additional evidence.

[4] Section 251(b) of the Trade Act states:

> (b) APPLICATION TO FEDERAL PAYMENTS.--
>
> > (1) IN GENERAL.—As a condition for administering any unemployment compensation program of the United States (as defined in paragraph (2)) as an agent of the United States, if the State determines that an erroneous payment was made by the State to an individual under any such program due to fraud committed by such individual, the State shall assess a penalty on such individual and deposit any such penalty received in the same manner as the State assesses and deposits such penalties under provisions of State law implementing section 303(a)(11) of the Social Security Act, as added by subsection (a).
> >
> > (2) DEFINITION.--For purposes of this subsection, the term "unemployment compensation program of the United States" means--
> >
> > > (A) unemployment compensation for Federal civilian employees under subchapter I of chapter 85 of title 5, United States Code;
> > >
> > > (B) unemployment compensation for ex-servicemembers under subchapter II of chapter 85 of title 5, United States Code;
> > >
> > > (C) trade readjustment allowances under sections 231 through 234 of the Trade Act of 1974 (19 U.S.C. 2291-2294);
> > >
> > > (D) disaster unemployment assistance under section 410(a) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5177(a));

held that Claimant's $8,583.00 overpayment of PUA was not fraudulent, a penalty could not be assessed. Board Adjudication at 1, Finding of Fact No. 2.[5] The only issue before the Referee was the penalty, but the Referee simply repeated the decision made in the prior adjudication on Claimant's overpayment of PUA benefits, without addressing the penalty. The Board removed the penalty.

Claimant has petitioned for this Court's review of the Board's adjudication, and the Board has filed an application for summary relief, requesting dismissal of Claimant's petition. It argues that Claimant has not been aggrieved by the Board's adjudication removing the penalty shown in the PUA System. Claimant did not answer the application. On December 6, 2023, the Court directed that the Board's application be listed with the merits of this appeal.

---

> (E) any Federal temporary extension of unemployment compensation;
>
> (F) any Federal program which increases the weekly amount of unemployment compensation payable to individuals; and
>
> (G) any other Federal program providing for the payment of unemployment compensation.

42 U.S.C. §503 (statutory note); available at: https://www.govinfo.gov/content/pkg/COMPS-9622/pdf/COMPS-9622.pdf#:~:text=Sec.%202%20Trade%20Adjustment%20Assistance%20Extension%20Act%20of (last visited December 13, 2024).

[5] It states: "In appeal number 202200505-BR, the Unemployment Compensation Board of Review issued a Decision and Order holding the claimant to have a $8583.00 nonfraud overpayment of PUA." Board Adjudication at 1, Finding of Fact No. 2.

5

On appeal,[6] Claimant raises five issues, which we combine for purposes of disposition.[7] Claimant argues that she should not have to repay any overpayment of PUA benefits.

We begin with the Board's application for summary relief. The Board argues that Claimant is not aggrieved by its determination setting aside the penalty for the overpayment of PUA benefits. Claimant responds that the repayment would be a huge burden, and she is concerned about being able to file for unemployment benefits should her employer's restructuring result in another furlough.

---

[6] This Court's review in a UC case determines whether constitutional rights were violated, errors of law were committed, or necessary findings of fact are not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 637 A.2d 695, 697 (Pa. Cmwlth. 1994).

[7] In her Statement of Questions Involved, Claimant raises the following issues:

1.     Why have I not received any regular unemployment benefit payments after initially filing first with regular [UC] in April 2020?

2.     Why have I not received any benefit payments from November 2020 to January 2021?

3.     Why have I not received benefit payments from March 2021 to September 2021 when I was called back to work?

4.     Why don't I have access to my unemployment account and don't have access to any information pertaining to my case?

5.     My current employer is preparing for layoffs, could I file for unemployment benefits if needed?

Claimant Brief at 5. Claimant does not develop any of these issues in her brief. Rather, she argues that the UC Service Center's mistakes in processing her benefit payments caused her to be assessed an overpayment penalty. Therefore, she should not be penalized by having to repay any benefits received.

The Pennsylvania Rules of Appellate Procedure, PA.R.A.P. 501,[8] and the Administrative Agency Law, 2 Pa. C.S. §702,[9] establish that a person must be aggrieved by an agency order in order to have standing to appeal. *ACS Enterprises, Inc. v. Norristown Borough Zoning Hearing Board*, 659 A.2d 651, 653 (Pa. Cmwlth. 1995). One is "aggrieved" if one (a) has a substantial interest in the subject matter of the litigation; (b) the interest is direct; and (c) the interest is immediate and not a remote consequence. *Beers v. Unemployment Compensation Board of Review*, 633 A.2d 1158, 1161 (Pa. 1993). A party who has prevailed in the agency proceeding lacks standing to appeal. *United Parcel Service, Inc. v. Pennsylvania Public Utility Commission*, 830 A.2d 941, 948 (Pa. 2003).

Here, the only issue before the Court was the Board's decision to set aside Claimant's obligation to pay a penalty on her nonfraud overpayment of PUA benefits. Claimant is not aggrieved but, rather, benefitted by this determination.[10]

Accordingly, we grant the Board's application for summary relief and dismiss Claimant's petition for review.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[8] It states that "[e]xcept where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order . . . may appeal therefrom." PA.R.A.P. 501.

[9] It states: "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 2 Pa. C.S. §702.

[10] Where, as here, an overpayment of PUA benefits has been determined to be without fault on the part of the recipient, repayment may be waived. *See* 15 U.S.C. §9023(f)(2)-(3). Accordingly, Claimant may seek a waiver from the Department of Labor and Industry. If the waiver is denied, Claimant can appeal that decision.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vesna Kepiro,                      :
          Petitioner       :
                           :
          v.               :      No. 557 C.D. 2023
                           :
Unemployment Compensation   :
Board of Review,             :
          Respondent   :

# **O R D E R**

AND NOW, this 13th day of December, 2024, the application for summary relief filed by the Unemployment Compensation Board of Review is GRANTED, and Vesna Kepiro's petition for review is DISMISSED.

_____
MARY HANNAH LEAVITT, President Judge Emerita