577 A.2d 969

**RIDGWAY'S MAGNETICS COMPANY, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 6, 1990.

Decided July 20, 1990.

Don A. Innamorato, with him, Wendy L. Kotzen, Reed, Smith, Shaw and McClay, for petitioner.

James K. Bradley, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRUMLISH, Jr., President Judge, PELLEGRINI, J., and SILVESTRI, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

Ridgway's Magnetics Company (Ridgway) appeals an Unemployment Compensation Board of Review (Board) order which reversed a referee's decision and denied benefits to Antonina D'Alessandro. For the reasons which follow, we quash Ridgway's appeal.

D'Alessandro, a delivery driver for Ridgway, notified Ridgway of car problems and did not accept any more deliveries for the day. The following three work days, D'Alessandro called Ridgway to report that her car had not been repaired. On the fourth work day, she did not call until midday. Ridgway terminated D'Alessandro due to her violation of its notification policy and her unavailability to accept work.

The Office of Employment Security (OES) granted D'Alessandro benefits and the referee affirmed that determination, finding that (1) D'Alessandro was a regular employee rather than an independent contractor, and (2) her actions did not constitute willful misconduct. The Board reversed the referee's decision on the issue of willful misconduct.

Ridgway appeals to this Court, not to seek a reversal of the Board's decision but to challenge the Board's determination that D'Alessandro is an employee and not an independent contractor.[1]

---

1. Our scope of review is whether constitutional rights have been violated, an error of law was committed, or whether necessary findings of fact are supported by substantial competent evidence. *Kirk-*

■ We will not address Ridgway's contention, however, because Ridgway is not an "aggrieved party" in this instance. D'Alessandro has not been found eligible for benefits and so Ridgway has not been adversely affected by the Board's decision herein. The Pennsylvania Rules of Appellate Procedure provide that only aggrieved parties may appeal.[2] Although the term "aggrieved" is not defined in the Rules, we need only refer to the authority our Supreme Court has handed down to determine aggrievement. In essence, a party to be aggrieved must have a direct interest which is affected adversely by an alleged injury. One who is aggrieved is said to have standing.[3]

Our Supreme Court in *Wm. Penn Parking Garage v. City of Pittsburgh*, 464 Pa. 168, 191, 346 A.2d 269, 280 (1975) (citation omitted; emphasis added), summarized the definition of standing under Pennsylvania law:

'[The party] must have a direct interest in the subject-matter of the particular litigation, otherwise he can have no standing to appeal. And not only must the party desiring to appeal have a direct interest in the particular question litigated, but his *interest must be immediate and pecuniary,* and *not a remote consequence of the judgment.* The interest must also be substantial.'

■ One who seeks to challenge governmental action must show a direct and substantial interest and a sufficiently close causal connection between the challenged action and the asserted injury to qualify the interest as "immediate" rather than remote. *Id.* at 202, 346 A.2d at 286. Ridgway herein asserts no injury that is either immediate or pecuniary. Disagreement with the Board's legal reasoning cannot grant standing upon Ridgway in this instance. *Police Pension Fund Association Board v. Hess,* 127 Pa.

*wood v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

**2.** Pa.R.A.P. 501 states that except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order may appeal therefrom.

**3.** *See* Darlington, McKeon, Schuckers and Brown, *Pennsylvania Appellate Practice,* §§ 501.1—501.13 (1986).

Commonwealth Ct. 498, 562 A.2d 391 (1989). That Ridgway's tax status may in the future be affected adversely is no more than a remote consequence of the Board's decision. Thus, it does not amount to a cognizable aggrievement so as to confer standing. *See, e.g., Middletown Township v. Pennsylvania Public Utility Commission,* 85 Pa.Commonwealth Ct. 191, 482 A.2d 674 (1984).

Accordingly, we quash Ridgway's appeal.

## ORDER

Appellant's appeal of the Unemployment Compensation Board of Review decision, No. B–277327 dated October 27, 1989, is quashed.