BANKERS LIFE AND CASUALTY COMPANY, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 5, 1999.

Decided April 28, 2000

Mark H. Scoblionko and Marla J. Melman, Allentown, for petitioner.

Maribeth Wilt-Seibert, Harrisburg, for respondent.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

Bankers Life and Casualty Company (Employer) petitions for review from a decision and order of the Unemployment Compensation Board of Review (Board) which granted Mark Farrell (Claimant) unemployment compensation benefits pursuant to Sections 401, 402(b), 402(e), and 402(h) of the Pennsylvania Unemployment Compensation Law (Law) [1], but excluded Claimant's commissions from Employer in determining his base year pursuant to Section 4(l)(4)(17) of the Law.[2]

For purposes of this appeal, Claimant last worked for Employer from October 19, 1998 until November 6, 1998, as an insurance sales person paid on a strictly commission basis. Claimant spent the time he worked for Employer as a trainee.

The Board found that Claimant received his insurance license on or about November 2, 1998. While working for Employer Claimant could not sell insurance for anyone other than his Employer and he received referrals from Employer. Claimant was under the direct control. and supervision of the sales manager and conducted his services from the premises of Employer. Claimant did not possess any Federal, State, or any other license relevant to an independent contractor relationship or business. During the last two weeks of his employment, Claimant was assigned to work with an insurance salesman making telephone calls relevant to selling insurance. Employer believed that Claimant was an unsatisfactory employee. As a result, Claimant resigned in lieu of discharge. Claimant began work for another employer on November 9, 1998.

Subsequently, Claimant applied for unemployment compensation benefits and the local job center approved benefits for the weeks ending December 12, 1998 through January 16, 1999 pursuant to Sections 402(e) and 402(h) of the Law. Employer appealed and a referee's hearing was conducted at which Claimant and an Employer witness, with counsel, appeared and testified. The referee, modified and affirmed the job center's determination. The referee concluded that Claimant was not ineligible under Section 402(h) of the Law, but found that Claimant voluntarily quit and was not disqualified pursuant to Section 402(b) of the Law.

Employer appealed the decision of the referee to the Board. By order dated April 6, 1999, the Board remanded the case to a referee for answers to specific questions posed by the Board and to notify the parties that Sections 401, 402(h), 402(b), 402(e), 4(l)(2)(b) and 4(l)(4)(17) were at issue. Claimant and an Employer witness, with counsel, appeared and testified at the remand hearing. After consid-

---

1. Act of December 5, 1937, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 801, 802(b), 802(e) and 802(h).

2. 43 P.S. § 753(l)(4)(17).

eration of the entire record, the Board issued a decision and order affirming the referee. The Board concluded that Claimant was an employee, not an independent contractor, and that Claimant voluntarily quit with necessitous and compelling cause. The Board further found that since Claimant was an insurance agent paid solely by commission, any commissions earned while working for Employer were to be excluded from his base year pursuant to Section 4(*l*)(4)(17) of the Law. Employer has petitioned this Court for review of the Board's decision and order.

Employer raises two issues for our review, whether Claimant was an employee of Employer or an independent contractor for unemployment compensation purposes and whether Claimant voluntarily quit his position without necessitous and compelling cause. The Board counters with the argument that Employer is not an aggrieved party that has standing to challenge the Board's award of benefits to Claimant due to the removal of Claimant's commissions, which were earned from Employer, from his base year.[3] After consideration of the Board's argument and Employer's reply, we must agree with the Board that Employer is not an aggrieved party and has no standing to challenge the Board's award of benefits to Claimant.

 It is well established by Pennsylvania Rule of Appellate Procedure 501 and Section 702 of the Administrative Agency Law that in order to have standing to challenge an official order or action, a par-ty must be aggrieved.[4] Because the term "aggrieved" is not defined, we must turn to the case law to determine what the term "aggrieved" means. In order to be "aggrieved" a party must (a) have a substantial interest in the subject-matter of the litigation; (b) the interest must be direct; and (c) the interest must be immediate and not a remote consequence. *Beers v. Unemployment Compensation Board of Review*, 534 Pa. 605, 611, 633 A.2d 1158, 1161 (1993). *See also William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975) which also requires a pecuniary interest.

The Board argues that because the commissions earned by Claimant while working as an insurance agent for Employer have been removed from Claimant's base year,[5] Employer has not been harmed by the grant of benefits to Claimant. The Board asserts Employer will not be harmed since it will not be taxed for Claimant's unemployment now or at any future time based upon Claimant's work as an agent with Employer. Therefore, the Board contends that Employer cannot be considered an aggrieved party.

Employer responds that it is an aggrieved party because it seeks a determination that Claimant did not perform services for an employer in employment subject to the Law while working for Employer and that Claimant was not entitled to benefits. In addition, Employer asserts that it has a direct, immediate

---

3. In unemployment compensation cases where both parties have submitted testimony and evidence our review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Sheets v. Unemployment Compensation Board of Review*, 708 A.2d 884 (Pa.Cmwlth.1998).

4. Pa. R.A.P. 501 provides in pertinent part that: "Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order ... may appeal therefrom."

The Administrative Agency Law at 2 Pa.C.S. § 702 provides in pertinent part that: "Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom...."

5. A base year, defined by Section 4(a), 43 P.S. § 753(a), means the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year. A claimant's financial eligibility and weekly benefit amount are determined by the wages that claimant had been paid in his or her base year. *See* Section 401 of the Law, 43 P.S. § 801.

and substantial interest in the characterization of its insurance agents for purposes of the Unemployment Compensation Law, especially if the determination of the Board were to have *res judicata* or collateral estoppel effects in this or other proceedings. However, Employer does not explain its assertions.

■ As previously stated, a party who seeks to challenge a governmental action must show a direct and substantial interest, as well as a pecuniary interest. In addition, that party must show a sufficiently close causal connection between the challenged action and the asserted injury to qualify the interest as "immediate" rather than "remote". *William Penn Parking Garage*, 464 at 202, 346 at 286. Employer has not asserted an injury that is direct, substantial, immediate or pecuniary.

First, the commissions earned by Claimant were removed from his base year, thereby removing any direct or pecuniary interest of Employer. If Employer is not a part of Claimant's base year, Employer will not now, or ever be, charged, *i.e.* taxed, if Claimant collects unemployment compensation benefits. This is so because Section 401 provides that unemployment compensation benefits are paid based on wages earned in employment and it has been determined by the Board, to the benefit of Employer, that Claimant's commissions were not wages according to Section 4(*l*)(4)(17) of the Law. Therefore, those commissions will never be considered wages under Section 401 of the Law.

Second, Employer's argument regarding a time when other workers might apply for unemployment compensation benefits in the future and that this decision may ad-

versely affect the outcome of those cases, is without merit. The possibility that Employer's status may be adversely affected in the future is no more than a remote consequence of the Board's decision and does not amount to a cognizable aggrievement so as to confer standing. *See Ridgeway Magnetics Company v. Unemployment Compensation Board of Review,* 134 Pa.Cmwlth. 143, 577 A.2d 969 (1990).[6]

Moreover, we are guided in our decision of this case by a previous case, *Venango Newspapers v. Unemployment Compensation Board of Review,* 158 Pa.Cmwlth. 379, 631 A.2d 1384 (1993). In *Venango*, the Board found the claimants to be employees, not independent contractors of the newspaper, but found that the claimants were not entitled to benefits because they did not have good cause to quit or were discharged for just cause. However, the claimants still remained entitled to reduced benefits as a result of their separation from previous employers. Because the Board concluded that these claimants were employees of the newspaper, Venango became one of the claimants' base-year employers and as a base-year employer, Venango's unemployment insurance account was proportionately charged. This Court held that because Venango was a base-year employer and was required to contribute to the claimants' benefits, there was a direct harm and Venango was an aggrieved party with a right to appeal.

■ The opposite is true in the case now before us. Although the Board concluded that Claimant was an employee and not an independent contractor, the Board went on to conclude that Employer was *not* a base-year employer and removed

---

6. Employer appears to be concerned about how the doctrines of *res judicata* and collateral estoppel may effect this proceeding or other similar proceedings against it in the future. As for future unemployment cases, each unemployment case is examined on its own facts and a determination is made based upon those facts. A Board decision in this case determining that Claimant was an employee should not have an effect on a future unem-

ployment case which may have different facts. As for other future civil proceedings, the Pennsylvania Supreme Court held in *Rue v. K–Mart Corporation,* 552 Pa. 13, 713 A.2d 82 (1998), that factual findings in an unemployment compensation case did not have preclusive, collateral estoppel effects in later civil proceedings. Therefore, Employer's concerns appear baseless.

Claimant's commissions earned from Employer from his base year pursuant to Section 4(*l*)(4)(17) of the Law. Because Employer is no longer considered a base-year employer, there is no direct harm to Employer, Employer is not an aggrieved party and Employer has no right of appeal. Accordingly, the petition for review of Employer is quashed.[7]

### ORDER

AND NOW, this 28 th day of April, 2000, Bankers Life and Casualty Company's petition for review of the Unemployment Compensation Board of Review's decision and order, No. B–379811 dated June 22, 1999, is quashed.

---

**7.** While Employer's appeal has been quashed for lack of standing to appeal, we note that Employer's argument that the Board erred by concluding that Claimant was an employee, not an independent contractor, may have merit.

Section 4(*l*)(4)(17) states that "the word employment shall not include service performed by an individual for an employer as an insurance agent ... or ... solicitor ... if all such service ... is performed for remuneration solely by way of commission...." Section 4(i) defines an employee to mean "every individual ... who is performing or ... has performed services for an employer in an employment subject to this act [Law]". By the very definitions cited above, Claimant cannot be an employee under the Law since he did not perform services for an employer in an employment subject to the Law. Therefore, it would appear that an examination of whether Claimant was an employee or an independent contractor pursuant to Sections 402(h) and 4(*l*)(2)(b) in this situation should not have been explored because it appears that he is not an employee as defined by Sections 4(i) and 4(*l*)(4)(17) of the Law.