637 A.2d 749

**RIDLEY SCHOOL DISTRICT, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 12, 1993.

Decided Feb. 2, 1994.

574

Deborah J. Nathan and Michael I. Levin, for petitioner.

James K. Bradley, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Irene R. Epstein Bolts, for intervenor James P. Ward, III.

Before COLINS and PELLEGRINI, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Ridley School District (Ridley) petitions for review of the March 3, 1993 order of the Unemployment Compensation Board of Review (Board) in which the Board affirmed the December 4, 1992 decision of the Referee granting James P. Ward III (Claimant) benefits under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).[1] The Board additionally disallowed benefits under Section 401(d)(1) of the Law on the basis that Claimant was not realistically attached to the labor market during the relevant time period due to medical problems.[2]

1. Section 802(b) provides as follows:

> An employe shall be ineligible for compensation for any week—
> (b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature....

2. Section 801(d)(1) of the Law provides as follows:

■ Denial of benefits pursuant to Section 401(d)(1) is on a week to week basis. Denial of benefits under Section 402(b), however, extends until purged under Section 401(f) of the Law. Thus, even though benefits were denied for the weeks at issue, Employer here is an aggrieved party under Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702, because, if Claimant subsequently becomes able to work and available under Section 401(d)(1), resolution of the Section 402(b) issue would become relevant. *See Venango Newspapers v. Unemployment Compensation Board of Review*, 158 Pa.Commonwealth Ct. 379, 631 A.2d 1384 (1993); *Compare Ridgeway's Magnetics Co. v. Unemployment Compensation Board of Review*, 134 Pa.Commonwealth Ct. 143, 577 A.2d 969 (1990), *petition for allowance of appeal denied*, 526 Pa. 643, 584 A.2d 324 (1991) (employer's appeal quashed because the Board found the claimant to be ineligible for any benefits).

Because we agree that the record contains substantial evidence to support the Referee's finding that Claimant voluntarily quit his job for necessitous and compelling medical reasons, we affirm.

Claimant applied for unemployment compensation benefits on October 4, 1992, alleging that he was unable to work due to medical reasons. On November 2, 1992, the Office of Employment Security (OES) issued a notice of determination wherein it approved benefits under Section 402(b)(1), but disapproved benefits under Section 401(d)(1). Claimant appealed the OES's decision and the Referee held a hearing on December 2, 1992. Claimant failed to appear, but Employer presented the testimony of its Director of Administration Services Personnel, Dr. Jerry Lewis, and one exhibit. The Referee marked nine exhibits from the OES.

In concluding that Claimant terminated his position for necessitous and compelling reasons, the Referee made the following findings of fact:

> Compensation shall be payable to any employe who is or becomes unemployed, and who—
> (d)(1) Is able to work and available for suitable work. . . .

1. The claimant was last employed by the Ridley School District as the Evening Custodian where he was paid at a rate of $17,000 annually. The claimant held this full-time employment for approximately eight years through his last day of work on June 22, 1992.

2. Between June 22, 1992 and September 14, 1992, the claimant was out of work on sick leave, vacation leave, personal leave and conditional leave because of medical reasons which had been communicated to the employer.

3. Subsequent to September 15, 1992, the claimant was out on an unpaid leave for the same medical reasons.

4. The claimant's attending physician has indicated to the Ridley School District that the claimant is wholely [sic] unable to work.

Findings of Fact Nos. 1–4. Employer appealed from the Referee's determination and the Board affirmed.

On appeal from the Board's decision, Employer raises the issue of whether the Board erred in affirming the Referee's decision that Claimant terminated his employment for necessitous and compelling reasons arguing that the Referee erroneously relied on uncorroborated hearsay evidence. In addition, Claimant in an intervenor capacity raises the issue of whether the Referee improperly considered the Section 402(b) voluntary quit issue arguing that the Notice of Hearing contained notice of only the Section 401(d)(1) suitable and available for work issue.[3]

We find, however, that because Claimant failed to raise that issue on appeal to the Board, he waived his right to raise it before this Court. Pa.R.A.P. 302(a). Significantly, only Employer appealed the Board's decision to this Court. *See* R.R. at 24a. Thus, we need not consider the notice issue.

3. In the Notice of Hearing, the Referee indicated that the specific issue to be considered in this appeal was item ten on the "List of Issues Arising in Appeals Proceedings Before the Pennsylvania Unemployment Compensation Board of Review." Item ten contains only Section 401(d)(1)(2), which concerns whether the claimant was able and available for suitable work. Item fifteen, which was not indicated on the notice, concerns the voluntary quit issue. *See* R.R. at 5a and 6a.

█ A cause of a necessitous and compelling nature is one that "results from circumstances which produce pressure to terminate employment which is both real and substantial and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 358–59, 378 A.2d 829, 832–33 (1977); *Steinberg Vision Associates v. Unemployment Compensation Board of Review*, 154 Pa.Commonwealth Ct. 486, 624 A.2d 237 (1993).

█ Medical reasons can constitute cause of a necessitous and compelling nature to voluntarily terminate employment. *Tyler v. Unemployment Compensation Board of Review*, 139 Pa.Commonwealth Ct. 598, 591 A.2d 1164 (1991). In *Dornblum v. Unemployment Compensation Board of Review*, 77 Pa.Commonwealth Ct. 547, 549–50, 466 A.2d 747, 749 (1983), we set forth Claimant's burden in that regard:

> To establish health as a compelling reason for quitting a job a claimant must: (1) offer competent testimony that adequate health reasons existed to justify termination; (2) have informed the employer of the health problem, and (3) be available, where a reasonable accommodation is made by the employer, for work which is not inimical to his health. *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982). A claimant's failure to meet any one of these conditions will bar a claim for unemployment compensation. *Ruckstuhl v. Unemployment Compensation Board of Review*, 57 Pa.Commonwealth Ct. 302, 426 A.2d 719 (1981).

In addition, "it must also appear that the employee is able to work and be available for suitable work. *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982).

█ Here, Employer argues that the Referee erred in relying on objected to hearsay evidence in making his determination that Claimant, who is mildly retarded, left work for necessitous and compelling reasons because "there were medical reasons surrounding the claimant's absence from work

which were communicated to the employer." Referee's Decision at 1.

 It is well established in unemployment compensation cases that "hearsay evidence admitted without objection will be given its natural probative effect and may support a finding of the board if it is corroborated by any competent evidence of in the record." *Ford v. Unemployment Compensation Board of Review*, 91 Pa.Commonwealth Ct. 502, 504–5, 498 A.2d 449, 450 (1985) (citing *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976)). Further, a finding of fact based solely on hearsay cannot stand. *Id.*

Here, however, *Employer* introduced as evidence a packet of medical notes it received from board-certified psychiatrist and neurologist Dr. Lee G. Dante outlining Claimant's medical condition. The Referee marked the packet as Exhibit E–1. Two of those notes are especially illustrative:

July 23, 1992: James was seen again today for office evaluation and he continues to impress as suffering from anxiety related to previously noted work stressors and therefore remains unable to resume his work responsibilities. He'll be reevaluated in 2 weeks time.

August 31, 1992: I [Dr. Dante] have been seeing James Ward for an acute decompensation [sic] caused by an episode of abusive treatment at work where co-workers exposed him to physical threats, abuse and sexual harassment. These experiences triggered a post traumatic stress reaction which was powerful and disabling.

December 2, 1992 Hearing, Employer's Exhibit E–1.[4]

In addition, Dr. Lewis' testimony at the hearing corroborates Dr. Dante's notes. That testimony is as follows:

EL [Employer's Attorney]: Okay, and were you able to determine whether he [Claimant] was being harassed the way he was saying he was harassed?

4. We do not appreciate Employer's failure to include Exhibit E–1 in the reproduced record.

EW [Dr. Lewis] On the one count that he had supplied or told us about we investigated it. It was an episode with one custodian who had mooned, pulled down his pants, showed his backside to another custodian, when Jimmy was present. We found the one custodian had done that and the custodian was disciplined. As to the other charges that have been forthcoming over the last four months, we had not been involved in that because there are other proceedings pending from an administrative investigation and criminal investigation and so forth.

(R.R. at 13a.)

Based on Employer's own exhibit and testimony,[5] we conclude that there is substantial evidence to support the Referee's conclusion that Claimant left work for necessitous and compelling reasons. Accordingly, we need not consider Employer's hearsay argument in further detail.

For the above reasons, we affirm the Board.

## *ORDER*

**AND NOW,** this 2nd day of February, 1994, the order of the Unemployment Compensation Board of Review dated March 3, 1993 at No. B–309673 is hereby affirmed.

---

5. As the prevailing party on the Section 402(b) issue, Claimant is entitled to any inferences which can reasonably and logically be drawn from the evidence. *Jones v. Unemployment Compensation Board of Review,* 74 Pa.Commonwealth Ct. 572, 460 A.2d 412 (1983).