# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ryan J. Goldner,  :
                    Petitioner  :
                                :
         v.                     :  No. 2120 C.D. 2013
                                :  SUBMITTED:  May 30, 2014
Unemployment Compensation       :
Board of Review,                :
                    Respondent  :


**BEFORE:**   **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
              **HONORABLE P. KEVIN BROBSON,** Judge
              **HONORABLE JAMES GARDNER COLINS,** Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                    **FILED:  August 13, 2014**


Claimant Ryan J. Goldner petitions for review of the order of the Unemployment Compensation Board of Review (Board) that affirmed the decision of the referee to deny his unemployment compensation benefits pursuant to the voluntary quit provision found in Section 402(b) of the Unemployment Compensation (Law),[1] 43 P.S. § 802(b).  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*.  Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

The facts as found by the Board are as follows.[2]  For ten years, Claimant worked at the Mazzoni Center (Employer), a LGBT health organization with an HIV program, counseling HIV-positive clients.  Claimant, who is also HIV positive, became stressed due to counseling others suffering from the difficulties involved with having HIV.  In addition, Claimant became concerned about his employment when he heard that funding was being cut to the center.  Worried about his job, Claimant found a lawyer to contact Employer to discuss his funding cut concerns.  The lawyer spoke with the director of programs regarding Claimant's concerns with the funding cuts and the difficulties that he was experiencing with his job.  The director informed Claimant's lawyer that Claimant could leave if he wished and that Employer would not challenge his claim for unemployment benefits, but that, as the director, he did not have the final say in these matters.  On April 19th, Claimant sent an email to all employees, indicating that he was leaving to pursue other avenues of employment: "I have decided that after a decade, I'm going to be leaving Mazzoni to start a few new adventures, and next chapter in my life.  My last day will be May 1st." Board's Finding of Fact No. 16.

Sometime after a meeting with Employer during which Claimant became emotional and cried, Claimant checked himself into the psychiatric ward at the Hospital of the University of Pennsylvania.  During counseling, medical staff recommended that he find a new job with less stress.  Claimant, while hospitalized, notified Employer that he would not be in for two days because he was sick, but

[2] Although the Board ultimately affirmed the referee's decision, it rendered its own fact-findings and decision.  As the ultimate finder of fact, it is within the Board's purview to resolve all conflicts in evidence and to determine witness credibility and evidentiary weight.  *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008.)

2

was not specific as to his illness during or after the incident. In fact, he did not advise Employer that he could not do his job for health reasons or that he needed less stressful work. Subsequently, Claimant met with Nurit Shein, executive director of the Mazzoni Center. Shein notified Claimant that he did not have to leave his current position, that he was not going to be laid off, and that the position remained available to him. Claimant did not inform the executive director as to why he could not continue his position and did not discuss continuing employment with her.

Claimant's initial claim for benefits was denied. After a hearing where Claimant, with counsel, and three witnesses for Employer appeared and testified, the referee affirmed. Claimant appealed to the Board, which affirmed the decision of the referee to deny benefits under Section 402(b) and rendered its own findings of fact. Specifically, the Board found that Claimant did not notify Employer of his health condition and did not afford Employer the opportunity to remedy the situation and retain him as an employee. It concluded, therefore, that Claimant voluntarily left of his own will, without cause of a necessitous and compelling nature, and was not eligible for benefits. Claimant's petition for review to this Court followed. The only question for review is whether the Board imposed an incorrect burden on Claimant to exhaust all reasonable alternatives before quitting due to alleged health concerns.

Section 402(b) provides that an employee is ineligible for unemployment compensation if he left employment voluntarily without a necessitous and compelling reason. A claimant bears the burden of proving a necessitous and compelling cause for leaving his or her job. *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of* Review, 906 A.2d 657 (Pa.

3

Cmwlth. 2006). In order to show such cause, the claimant must establish that: "(1) circumstances existed which produced a real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a reasonable effort to preserve [his or] her employment." *Id*. at 660. When claimant is alleging health problems as the necessitous and compelling cause, he or she must: (1) present competent evidence of an adequate health reason justifying termination of employment; (2) have informed the employer of the health problems; and (3) be able and available to perform work which is not inimical to his health, if a reasonable accommodation is made by the employer. *Ridley Sch. Dist. v. Unemployment Comp. Bd. of* Review, 637 A.2d 749 (Pa. Cmwlth. 1994). A failure to meet any of these requirements results in ineligibility. *Ruckstuhl v. Unemployment Comp. Bd. of* Review, 426 A.2d 719 (Pa. Cmwlth. 1981). Once this burden has been satisfied, the burden then shifts to the employer to find a reasonable accommodation for the employee. *Elshinnawy v. Unemployment Comp. Bd. of Review*, 317 A.2d 332, 334 (Pa. Cmwlth. 1974). If the employer is unable to accommodate the employee's health issue, then the employee has a necessitous and compelling reason to voluntarily leave. *Genetin v. Unemployment Comp. Bd. of Review*, 451 A.2d 1353, 1356 (Pa. 1982).

In the present case, Claimant argues that the Board implicitly imposed an undue burden on him to exhaust all resources in order to try and continue employment contrary to the Supreme Court's holding in *Genetin*. In *Genetin*, the Court held that once an employee has communicated his health problems to employer and explains his inability to perform his job, the employee can do no more. *Id*. at 1356. Here, however, the Board did not improperly impose that

4

burden inasmuch as it found Employer's witnesses to be credible that Claimant failed to adequately advise Employer of his medical issue. Specifically, the Board found that Claimant failed to establish that he notified Employer of the medical staff's recommendations given to him while he was hospitalized or told Employer exactly what was wrong in order to try and help him continue his employment. Accordingly, because Claimant never notified Employer of his medical condition, the burden never shifted to Employer to offer Claimant a reasonable accommodation in an attempt to continue the employment relationship.[3]

For the above reasons, we affirm the Board's order.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

---

[3] Like the Board, the referee found that Claimant never notified Employer of the health condition preventing him from doing his work. Accordingly, Claimant retained the burden of establishing that he made a reasonable effort to preserve his employment. *Brunswick Hotel & Conference Ctr.*, 906 A.2d at 660.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Ryan J. Goldner,                                                   :
                              Petitioner                          :
                                                                  :
                    v.                                            :        No. 2120 C.D. 2013
                                                                  :
Unemployment Compensation                                         :
Board of Review,                                                  :
                              Respondent                          :


## O R D E R


AND NOW, this 13th day of August, 2014, the order of the
Unemployment Compensation Board of Review is hereby AFFIRMED.


_____
**BONNIE BRIGANCE LEADBETTER,**
Judge