IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Odayah Kaplan,                            :
                          Petitioner      :
                                          :
               v.                         :
                                          :
Unemployment Compensation                 :
Board of Review,                          :  No. 713 C.D. 2016
                          Respondent      :  Submitted: September 9, 2016


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: December 22, 2016


          Odayah Kaplan (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) April 11, 2016 order affirming the Referee's decision denying Claimant UC benefits under Section 402(b) of the UC Law (Law).[1]  Essentially, Claimant presents one issue for this Court's review: whether Claimant is entitled to a remand hearing to present necessary evidence to support her claim.[2]  After review, we affirm.

_____

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (relating to voluntary separation without cause of a necessitous and compelling nature).
[2] Claimant's Statement of the Questions Involved listed in her brief are as follows:
          1. How did I not use the open door policy? . . .
          2. How did I not show necessitous and compelling reason for leaving
          XPO [(Employer)] in order to qualify for benefits? . . .
          3. How is it considered a personality conflict? . . .
          4. How did I not show enough evidence to show that I had reason to
          quit [Employer]? . . .
          5. How did I not show compelling medical evidence? . . .
Claimant Br. at 5.  However, Claimant's Argument Section of her brief consists solely of restated portions of the hearing transcript, wherein, the Referee posed questions to Claimant, followed by

Claimant was employed as a full-time freight operations supervisor for Conway Central Express/XPO Logistics (Employer), earning $52,000 annually. Claimant was aware that Employer has an open door policy that can be used if an employee disagrees with a specific issue within the workplace. On November 19, 2015, Employer issued Claimant a verbal warning for unsatisfactory work performance. Claimant took a leave of absence from November 19, 2015 to November 30, 2015. On November 30, 2015, Claimant voluntarily resigned her employment due to her resentment of the disciplinary action given to her on November 19, 2015.

Claimant applied for UC benefits. On December 15, 2015, the Indiana UC Service Center determined that Claimant was eligible for UC benefits under Section 402(b) of the Law. Employer appealed and a Referee hearing was held. On February 24, 2016, the Referee reversed the UC Service Center's decision and ruled that Claimant was ineligible for UC benefits under Section 402(b) of the Law. Claimant appealed to the UCBR. On April 11, 2016, the UCBR adopted the Referee's findings and conclusions, and affirmed the Referee's decision. Claimant appealed to this Court.[3]

Initially, this Court has explained:

Whether a claimant had cause of a necessitous and compelling nature for leaving work is a question of law subject to this Court's review. A claimant who voluntarily

what Claimant contends she "should have" answered. Claimant Br. at 14-16. Because Claimant in the Summary of Argument and Conclusion Sections of her brief asserts that she has evidence and needs a remand to present it, we will address her issue accordingly. *See* Claimant Br. at 13, 17.

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

quits his employment bears the burden of proving that necessitous and compelling reasons motivated that decision. In order to establish cause of a necessitous and compelling nature, a claimant must establish that (1) circumstances existed that produced real and substantial pressure to terminate employment, (2) like circumstances would compel a reasonable person to act in the same manner, (3) the claimant acted with ordinary common sense, and (4) the claimant made a reasonable effort to preserve her employment.

*Middletown Twp. v. Unemployment Comp. Bd. of Review*, 40 A.3d 217, 227-28 (Pa. Cmwlth. 2012) (citations omitted).

Here, when asked by the Referee "why November 30, 2015 was [her] last day at work with [] Employer," Claimant responded:

> Well after an accumulation of events that occurred from the point of entering my employment at [Employer's] facility all the way through to November 30th I was dealing with a lot of issues that took a toll on me that I could no longer work there and keep a healthy situation with myself. I have numerous documentations of events that occurred where I even tried to make things work between myself and the company. I brought things to the surface right when it occurred. Everything's documented. And I even had an investigation done where it was completed and due to that investigation it did not rectify any situation. There was . . . [.]

Notes of Testimony, February 16, 2016 (N.T.) at 6. Thereafter, the Referee interrupted:

> R  Hold on a second. If an investigation was done in May and an investigation was done in June and you were not happy with the results [sic] you didn't quit in November based on those investigations so there had to be something that happened between then and November . . .
>
> C  Yes.
>
> R  . . . that caused you to leave. That's what I need to know.

3

N.T. at 7. Claimant explained that she was singled out on November 12th and verbally disciplined twice on November 19th and 20th.[4] Claimant also related an incident she discovered on November 25th; however, she admitted on cross-examination that she was on a leave of absence on the 25th so it must have been November 19th or 20th. *See* N.T. at 12. According to Claimant she was "targeted" and "set up." N.T. at 8-9.

> Claimant expounded:

> So on the 19[th] that's when all these events occurred and I could no longer handle the being falsely accused, the stress, my situations at work not being taken seriously, being set up, that for health reasons I cannot work in an environment that was targeting me, being hostile and not taking me seriously. So I had to remove myself from the situation and I did go to the doctor and that's when the doctor and I discussed that it would be best to leave this place of employment and find other work because it's not healthy for me to be in this kind of situation. And that's what I did. So I went on – but in my mindset I was already not working there anymore because I knew I couldn't go back, but I had to make sure I made the right choice. So on the 30[th] I sent the e-mail to say that I no longer am working at [Employer] anymore because I can't handle the stressed environment.

N.T. at 13.

Pennsylvania law is clear that "[m]ere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment." *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review,* 906 A.2d 657, 660 (Pa. Cmwlth. 2006). Further, "multiple causes, none compelling or necessitous, do not in combination become one qualifying cause." *Hostovich v. Unemployment Comp. Bd. of Review,* 414 A.2d 733, 735 (Pa. Cmwlth. 1980). Moreover,

---

[4] *See* N.T. at 9 (relating to Claimant's allegation that she was targeted on November 20th).

[t]o establish health as a compelling reason for quitting a job a claimant must: (1) offer competent testimony that adequate health reasons existed to justify termination; (2) have informed the employer of the health problem; and (3) be available, where a reasonable accommodation is made by the employer, for work which is not inimical to h[er] health.

*Karwowski v. Unemployment Comp. Bd. of Review,* 74 A.3d 1179, 1184 (Pa. Cmwlth. 2013) (quoting *Ridley Sch. Dist. v. Unemployment Comp. Bd. of Review,* 637 A.2d 749, 752 (Pa. Cmwlth. 1994)).

In the instant matter,

[t]he [UCBR] d[id] not find credible [C]laimant's testimony that she was subjected to harassment. [E]mployer was acting in good faith when it issued discipline on November 19, 2015. The [UCBR] d[id] not find credible medical evidence that [C]laimant suffered from a medical condition, the magnitude of which left her no reasonable option but to quit her position.

UCBR Dec. at 1. The law is well-established that

[a]ll credibility determinations are made by the [UCBR]. The weight given the evidence is within the discretion of the factfinder. The [UCBR] is the ultimate factfinder. The [UCBR] determined that Claimant voluntarily left h[er] employment [without a necessitous and compelling reason]. A review of the record reveals that the [UCBR's] findings were supported by substantial evidence.

*Spadaro v. Unemployment Comp. Bd. of Review*, 850 A.2d 855, 860 (Pa. Cmwlth. 2004) (citations omitted). Thus, we hold that Claimant is not eligible for UC benefits under Section 402(b) of the Law.

In her brief, Claimant also appears to be requesting a remand for another hearing:

I am requesting that [this Court] reverse the [UCBR's] decision to affirm the [R]eferee['s] decision so that I will not be penalized under [S]ection 402(b) [of the Law]. **I**

5

> **have compelling evidence to show that I was treated in a manner that was not acceptable**. I was harassed, bullied, and discriminated upon due to gender. **I have medical evidence and proof of harassment that I would like to introduce into court**. I was not able to support my case due to the lack of evidence and the time I was given during the hearing by the [R]eferee. I argue that I was not given a fair chance to bring forward the evidence that was needed for the [UCBR] to appeal the [R]eferee's decision.[5] I did use the open door policy and exhausted all means of expressing my concern within [Employer] before I had to voluntarily leave. I have an ongoing case with the [Equal Employment Opportunity Commission] which is also investigating the accusations I set forward.

Claimant Br. at 13 (emphasis added). "However, a remand hearing is generally granted to allow a party the opportunity to present evidence not offered at the original hearing because it was not then available." *Fisher v. Unemployment Comp. Bd. of Review,* 696 A.2d 895, 897 (Pa. Cmwlth. 1997); *see also Paxos v. Workmen's Comp. Appeal Bd. (Frankford-Quaker Grocery),* 631 A.2d 826, 831 (Pa. Cmwlth. 1993) ("The purpose of granting rehearing . . . is to allow a party to present newly-discovered, noncumulative evidence, and will not be granted to permit the party to strengthen weak proofs already presented."). Here, Claimant does not allege that the evidence she desires to present upon remand was not available at the time of the Referee hearing. Rather, she is seeking another chance to present evidence that was available to her at the time of the Referee hearing. Because the additional evidence Claimant now wishes to present was available at the time of the Referee hearing, a remand is not warranted. *Fisher.*

---

[5] It appears Claimant may be arguing she was not permitted to offer evidence before the Referee. However, Claimant waived this issue because she failed to raise it before the UCBR. *See* Pennsylvania Rule of Appellate Procedure 1551(a); *Lewis v. Unemployment Comp. Bd. of Review*, 42 A.3d 375, 379 n.8 (Pa. Cmwlth. 2012) ("because [c]laimant failed to raise these issues in h[er] appeal to the UCBR, they are waived"). Moreover, other than her testimony, Claimant did not produce any evidence at the Referee hearing. Nonetheless, Claimant does not present any support for her statement.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Odayah Kaplan,                       :
                    Petitioner       :
                                     :
              v.                     :
                                     :
Unemployment Compensation            :
Board of Review,                     :      No. 713 C.D. 2016
                    Respondent       :


## O R D E R


AND NOW, this 22nd day of December, 2016, the Unemployment Compensation Board of Review's April 11, 2016 order is affirmed.


                                    _____
                                    ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Odayah Kaplan,                              :
                    Petitioner             :
                                            :
        v.                                  :
                                            :
Unemployment Compensation                   :
Board of Review,                            :       No. 713 C.D. 2016
                    Respondent             :       Submitted: September 9, 2016


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE                           FILED:  December 22, 2016


        I am troubled by the Majority opinion in several respects.  First,
Claimant's allegations of medical impairment and harassment are far more serious
than mere dissatisfaction in the workplace.  The Board, in incorporating and
adopting the Referee's findings, stated that it did not find "credible medical
evidence that the [C]laimant suffered from a medical condition, the magnitude of
which left her no reasonable option but to quit her position," and that it did "not
find credible [ C]laimant's testimony that she was subjected to harassment" in the
workplace.  (Petitioner's Brief at 18a.)  However, the Board did not clarify as to
whether it believed what Claimant said she experienced did not happen, or that, if
it did occur, it did not constitute harassment to such a degree that medical
impairment could follow.  On this record and with such a lack of clarity, I would
remand this matter.

Claimant also argues on appeal that she has medical evidence available to support her position.  The Majority finds that since this was available at the time of the initial Referee hearing, remand would be inappropriate.  However, there is nothing in the record to indicate that this information was indeed available previously.  As such, on remand I would direct inquiry into how and when this information became available to Claimant.[1]  For these reasons, I respectfully dissent.

_____
JOSEPH M. COSGROVE, Judge

---

[1] The Board does not address this issue in its brief.