# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pamela Wright, :
           Petitioner :
 :
      v. : No. 982 C.D. 2020
 : SUBMITTED: April 16, 2021
Unemployment Compensation :
Board of Review, :
           Respondent :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE J. ANDREW CROMPTON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**               **FILED: July 27, 2021**


Claimant, Pamela Wright, petitions for review of an order of the Unemployment Compensation Board of Review that affirmed the referee's decision denying her unemployment compensation benefits. The decision was based on Section 402(b) of the Unemployment Compensation Law,[1] which provides that an employee is ineligible for benefits during any week "[i]n which his [or her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." We affirm.

The relevant facts as found by the referee, which the Board adopted and incorporated in their entirety, are as follows.[2] From May 2018 to January 2020,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

[2] Where the referee's findings are supported by the record, the Board may adopt them. *See Bowers v. Unemployment Comp. Bd. of Rev.*, 402 A.2d 308 (Pa. Cmwlth. 1979).

Claimant worked full-time as a patient care coordinator for Employer, Cosmetic and Plastic Surgery Center, at a final hourly rate of $18.54. (Finding of Fact "F.F." No. 1.) Formerly diagnosed with cancer, Claimant's current diagnoses were bone loss and severe anxiety. (*Id.*, Nos. 2 and 3.) In April 2019, Claimant's treating physician issued a recommendation requiring her to have two "movement breaks" throughout the day. (*Id.*, No. 4.) Claimant advised Employer of her physician's recommendation and it permitted her to take the required breaks. (*Id.*, Nos. 6 and 7.) Additionally, Employer assigned Claimant tasks requiring movement whenever possible such as taking out the trash when there was no custodian available and returning misdelivered items to the proper recipients. (*Id.*, No. 8.) In October 2019, Claimant resigned from her position stating that her last day of work would be January 3, 2020, and that she was fulfilling her long-held desire to live in Lancaster County for a quality-of-life change and proximity to family. (*Id.*, Nos. 11 and 12.)

Subsequently, Claimant applied for unemployment compensation benefits, which the Altoona Unemployment Compensation Service Center granted. Employer appealed, asserting that Claimant resigned voluntarily even though there was available work for her. After a hearing at which Employer's office manager and Claimant, with counsel, appeared by telephone and testified, the referee reversed. On appeal, the Board affirmed. Claimant's petition for review to this Court followed.[3]

A claimant who voluntarily quits bears the burden of proving necessitous and compelling cause for leaving her job. *Brunswick Hotel & Conf. Ctr., LLC v. Unemployment Comp. Bd. of Rev.*, 906 A.2d 657 (Pa. Cmwlth. 2006).

---

[3] The determination of whether necessitous and compelling cause for leaving employment exists is a question of law, subject to our plenary review. *Johnson v. Unemployment Comp. Bd. of Rev.*, 869 A.2d 1095 (Pa. Cmwlth. 2005).

Specifically, a claimant must establish that: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment." *Id*. at 660. Where an alleged health reason is involved, a claimant is required to: (1) present competent evidence that at the time of separation, adequate health reasons existed that justified the voluntary quit; (2) prove that she informed the employer of the health problem before leaving; and (3) demonstrate that she was able and available to perform work which was not inimical to her health, if a reasonable accommodation was made by the employer. *Ridley Sch. Dist. v. Unemployment Comp. Bd. of Rev.*, 637 A.2d 749, 752 (Pa. Cmwlth. 1994). A failure to meet any of these requirements warrants ineligibility. *Id*.

On appeal, Claimant argues that she acted reasonably under the circumstances in quitting due to health reasons. Maintaining that she provided Employer with sufficient notice of her health difficulties, the accommodation that she needed, and a physician's note, Claimant argues that Employer failed to accommodate her health needs and actively discouraged her from taking movement breaks. Accordingly, Claimant argues that the Board erred in determining that she failed to establish necessitous and compelling cause for her voluntary quit.

Claimant's position is without merit. The Board resolved any conflicts in the evidence in Employer's favor.[4] Notwithstanding the fact that Employer's office manager never saw the physician's note that Claimant claimed to have left on

---

[4] It is within the Board's province to determine credibility and evidentiary weight. *Oliver v. Unemployment Comp. Bd. of Rev.*, 5 A.3d 438 (Pa. Cmwlth. 2010).

the manager's desk,[5] Employer nonetheless permitted Claimant to take the required breaks and even assigned her tasks whereby she could get up and move. Additionally, the office manager testified that Claimant never indicated what more she wanted as an accommodation.[6] (May 13, 2020, Hr'g, Notes of Testimony "N.T." at 30 and 39; Certified R. "C.R." at 127 and 136.)  Claimant bore the burden of proving that she adequately advised Employer of her health problems before she voluntarily quit, and, accordingly, was required to provide enough information to Employer to afford appropriate accommodation.  *See Lee Hosp. v. Unemployment Comp. Bd. of Rev.*, 637 A.2d 695 (Pa. Cmwlth. 1994) (holding that a claimant must communicate his or her health issues to an employer and that constructive notice does not apply).

Claimant in her resignation letter did not mention her health issues. Instead, she referenced only her lifelong desire to move to Lancaster County for purposes of family proximity and an improvement to her quality of life.  (May 13, 2020, Hr'g, Emp.'s Ex. 10.)  In addition, Claimant acknowledged that she did not orally advise Employer that she was resigning for health reasons.[7]  As the office manager testified with respect to Claimant's reasons for leaving:

---

[5] (May 13, 2020, Hr'g, Notes of Test. "N.T." at 28, 29, and 34; Certified R. "C.R." at 125, 126, and 131.)

[6] Even the physician's note was somewhat vague in that it merely provided as follows: "Please allow Pamela to have two movement breaks during the day." (*Id*. at 13; C.R. at 110.)  In addition to a lunch break, Claimant construed the recommendation as "walking up and down the stairs a few times." (*Id*. at 14; C.R. at 111.)

[7] The relevant colloquy is as follows:

> R [Referee]  Okay, ma'am. . . .  Did you specifically tell anybody
> from the Employer that you were leaving for health reasons?

**(Footnote continued on next page…)**

4

In the letter, [Claimant] stated that it was to move to Lancaster, be closer to family, and said better quality of life. Verbally, she had told me that one of her children had gotten married recently, and that she wanted to move closer to them, and . . . it's been, like, a lifelong dream for her to be living closer to the Lancaster area and to be close to her children. So that she wanted to do that, and she would need to do that, and so that's the, the only explanation she provided to me at all.

(May 13, 2020, Hr'g, N.T. at 27-28; C.R. at 124-25.)

Finally, Claimant acknowledged that she provided Employer with the physician's note in April 2019, submitted her resignation letter in October 2019, and worked for several more months until January 3, 2020. (*Id.* at 22-23; C.R. at 119-20.) Affording Employer as the prevailing party the benefit of any inference that can logically and reasonably be drawn from the record,[8] this timetable suggests that

---

C [Claimant] No, that wasn't stated in my note.

R And did you tell them orally that you were leaving for health reasons?

C Yes, they knew that I was speaking. . .

R Don't tell me what they knew, ma'am. Tell me what you told them, if anything, as to why you were leaving. Did you. . .

C I'm going to say that it was in my, my resignation letter, just for a better quality of life.

R All right.

C And. . .

R You didn't actually tell anybody like [the office manager] or anybody else from the Employer look, I have to leave because of my health?

C That's correct.

(May 13, 2020, Hr'g, N.T. at 11; C.R. at 108.)

[8] *Middletown Twp. v. Unemployment Comp. Bd. of Rev.*, 40 A.3d 217, 223 (Pa. Cmwlth. 2012).

there were no circumstances present that produced substantial pressure for Claimant to voluntarily terminate her employment.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pamela Wright,                          :
                    Petitioner          :
                                        :
           v.                           :     No. 982 C.D. 2020
                                        :
Unemployment Compensation               :
Board of Review,                        :
                    Respondent          :

# **O R D E R**

AND NOW, this 27th day of July 2021, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita